| MAMES F. McKAY III, Judge.
This is an appeal of a default judgment granting liquidated damages and attorney’s fees in a breach of employment contract action. For the reasons that follow, we vacate the judgment and remand.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
On June 18, 2001, defendant/appellant, Kamran Rafiq, M.D. (“Dr. Rafiq”), entered into an Employment Contract (“the Contract”) with plaintiffiappellee, Z.U. Azhar Clinic, L.L.C. (“the Clinic”), to become employed as a physician practicing internal medicine at the Clinic located in Buras, Louisiana. The Contract provides for a primary five-year term of employment, commencing on November 12, 2001. The Contract also contains a liquidated damage clause as follows:
XIV.
Notwithstanding anything herein contained to the contrary, the parties hereto agree that damages would be difficult to calculate if the Employee willfully, voluntarily and without lawful cause terminates this agreement before comple *137 tion of at least a'five year term. The parties hereto agree that such ari act shall result in an obligation by the Employee to pay Employer $250,000.00 as a liquidated damage within ten days of termination of this agreement as provided in this paragraph.
|gBy letter dated June 8, 2004, Dr. Rafiq notified the Clinic that he was resigning from his employment effective June 10, 2004.[1] On June 16, 2004, the Clinic filed a petition against Dr. Rafiq for breach of the Contract seeking $250,000.00 in liquidated damages. At the time of the filing of the petition, Dr. Rafiq resided in Maumee, Ohio. Dr. Rafiq was served in Ohio pursuant to the Louisiana Long Arm Statute, and the affidavit of service is contained in the trial court record. Service on Dr. Rafiq is not in dispute in this appeal.
A preliminary default was entered against Dr. Rafiq on September 3, 2004, after Dr. Rafiq failed to answer the petition. The matter was heard on September 3, 2004, without an appearance by Dr. Rafiq. A final judgment was rendered against Dr. Rafiq on October 12, 2004, for $250,000.00 in liquidated damages, 25% attorney’s fees, interest, and costs, which judgment was based on the employment contract.[2]
Notice of the judgment was mailed to Dr. Rafiq on October 12, 2004. This timely devolutive appeal followed.
On appeal, Dr. Rafiq asserts the following assignments of error: 1) the trial court erred in finding that the Clinic had a cause of action to bring a breach of contract action; 2) the trial court erred in granting a default judgment because the Clinic failed to present competent evidence sufficient to establish a prima facie [3case in support of its demands pursuant to La. C.C.P. art. 1702(A); 3) the trial court erred in granting a default judgment because the Contract on which the relief is based is void ab initio for having an unlawful cause; 4) the trial court erred in granting a default judgment because the stipulated damages provision in the Contract falls, or alternatively, the trial court was required to determine the reasonableness of the amount of stipulated damages which was not done; and 5) the trial court erred in awarding an attorney’s fee of 25% of the principal and interest due to the reason that the Contract is unenforceable because the agreement of which it forms a part is void ab initio or, in the alternative, for the reason that such an award is unreasonable pursuant to La. R.S. 37:218 and Rule 1.5 of Article XVI, Rules of Professional Conduct for Attorneys.
DISCUSSION
Assignment of error no. 1:
The trial court erred in granting finding that the appellee had a cause of action to *138 bring a breach of contract claim against the appellant. ,
Dr. Rafiq argues that the Clinic’s petition is deficient because it resorts to conclusions of law in stating that Dr. Rafiq terminated his employment “without cause,” without submitting the resignation letter for the trial court’s review. We find no merit in this argument.
“The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition.” Cleco Corp. v. Johnson, 01-0175 (La.9/18/01), 795 So.2d 302, 304. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition in determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Fink v. Bryant, 01-0987 (La.11/28/01), 801 So.2d 346, 348. The exception is triable on the face of the petition; and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Cleco Corp. at p. 304; Fink at p. 349. A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Id. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Jackson v. State ex rel. Dept. of Corrections, 00-2882 (La.5/15/01), 785 So.2d 803, 806.
A review of the pleadings in the present case, conducted in light of the legal principles governing exceptions of no cause of action, reveals that the Clinic’s petition does in fact state a cause of action for breach of an employment contract. The petition clearly states that, pursuant to the Contract, Dr. Rafiq obligated himself for employment with the Clinic for a five-year period commencing November 12, 2001. The petition further states that Dr. Rafiq left his employment, without cause; in less than five years. ■ The particular evidence that the trial court considered or failed to consider (the resignation letter) is inconsequential for purposes of this assignment of error. Consequently, to determine whether a petition sufficiently sets forth a cause of action we are constrained by the four corners of the petition and may not look beyond its assertions to examine the evidence. Therefore, the appellee’s petition in the instant case clearly states a cause of action.
Assignment of error no. 2:
[fiThe trial court erred in granting the default judgment without sufficient competent evidence.
Dr. Rafiq contends that the default judgment was not rendered upon sufficient competent evidence because the Clinic failed to present, and the trial court failed to consider, a vital piece of evidence, i.e., Dr. Rafiq’s resignation letter. We agree; and because we find merit in Dr. Rafiq’s argument, we pretermit the remaining assignments of error.
A judgment of default must be confirmed by proof of the -demand sufficient to establish a prima facie case. La. C.C.P. art. 1702(A). When -the demand is based on a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. La. C.C.P. art. 1702(B)(1).
To obtain a default judgment, a plaintiff must establish a prima facie case with competent evidence, as fully as though each of the allegations in the peti *139 tion were denied by the defendant. Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La.1993); Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989). In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits. Id.
There is a presumption that a default judgment is supported by sufficient evidence, but this presumption does not attach when the record upon which the judgment is rendered indicates otherwise. Caruso v. McBee, 99-3064 (La.App. 4 Cir. 6/14/00), 767 So.2d 134, 135, citing Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875, 878 (1972). In reviewing a default judgment, an appellate court is restricted to a determination of the sufficiency of the evidence offered in support of the judgment. The presumption that the default judgment was rendered |fiupon sufficient evidence and is correct does not apply where, as in the present case, the testimony is transcribed and contained in the record. In such a case, the reviewing court is able to determine from the record whether the evidence upon which the judgment was based was sufficient and competent. Gresham v. Production Management, Inc., 02-1228 (La.App. 4 Cir. 2/11/04), 868 So.2d 171, 178.
In the present case, the basis for the Clinic’s case against Dr. Rafiq is that Dr. Rafiq resigned “without cause” before the primary term of employment contract expired. In support of this claim, the trial court was presented with a copy of the Contract, all amendments to the Contract, and the testimony of Samina Azhar, the owner of the Clinic. Ms. Azhar testified that on June 8, 2004, while out of town, she was notified by the Clinic’s nurse that Dr. Rafiq quit. Ms. Azhar further stated that Dr. Rafiq never returned to work at the Clinic after that date. However, in spite of the fact that the petition specifically referenced Dr. Rafiq’s resignation letter of June 8, 2004, Ms. Azhar never mentioned the letter in her testimony, nor was the letter introduced into evidence. The fact that Ms. Azhar did not mention the letter should have alerted the trial court that it should review the letter’s contents.
Clearly, the resignation letter, which arguably addresses the question of why Dr. Rafiq resigned, should have been integral to the trial court’s determination of whether the Clinic established a prima facie case for breach of the Contract. Considering the fact that the resignation letter was specifically referred to in the petition, the fact of its existence was clearly before the trial court.[3]
17AIthough, as discussed earlier, we may not consider the contents of the letter because it was not introduced into evidence, the mere attestation in the petition that the letter existed was enough evidence to put the trial court on notice that a viable defense existed, namely, that Dr. Rafiq had resigned “with cause.” In this court’s opinion, for the trial court to render a default judgment against Dr. Rafiq, with the knowledge that a letter of resignation existed and which letter was crucial to the “with cause” versus “without cause” determination, was error. Although Dr. Rafiq was served and he chose not to appear for whatever reason, to affirm the default judgment would deprive Dr. Rafiq of his day in court and an opportunity to present his defense. Therefore, we find that the default judgment was improperly granted.
*140 CONCLUSION:
For the foregoing reasons, we vacate the judgment confirming the default and remand this matter to the trial court for further proceedings.
JUDGMENT VACATED; REMANDED.

. This letter was referenced in paragraph IX of the Clinic's petition, but was not introduced as an exhibit at trial. Dr. Rafiq has attached a copy of the letter to his appellant brief in an attempt to demonstrate that he did not resign “without cause.” In response, the Clinic filed a Motion to Strike this exhibit. Pursuant to La. C.C.P. art. 2164, an appellate court must render judgment upon the record on appeal. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings, unless otherwise designated. La. C.C.P. arts. 2127 and 2128. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Littlejohn v. Quiram, 01-0075 (La.App. 4 Cir. 10/24/01), 800 So.2d 73, 74. Accordingly, we will not review the contents of Dr. Rafiqs letter in this appeal, although our opinion relies on the petitions assertion that the letter does exist.

. Paragraph XIII of the Contract provides for reasonable attorneys fees and costs in the event the Clinic commences legal proceedings to enforce the Contract.

. Paragraph IX of the petition states: “By letter dated June 8, 2004, the defendant notified petitioner that he was resigning from his employment with the petitioner effective June 10, 2004.”