962 So.2d 1089 (2007)
SYSTEMS ENGINEERING AND SECURITY, INC. ("SES")
v.
SCIENCE & ENGINEERING ASSOCIATIONS, INC. ("SEA"), Apogen, Inc., and Robert Savoie.
No. 2006-CA-0974.
Court of Appeal of Louisiana, Fourth Circuit.
June 20, 2007.
*1090 Michael R. Allweiss, Marynell L. Piglia, Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P., New Orleans, LA, for Systems Engineering and Security, Inc.
Jeffrey A. Schwartz, Jackson Lewis, L.L.P., Atlanta, GA, for Robert Savoie.
Ronald J. Sholes, Mark R. Beebe, Thomas E. Gottsegen, Lee C. Reid, Louis C. LaCour, Jr., Adams and Reese LLP, New Orleans, LA, for Science & Engineering Associates, Inc. And Apogen Technologies, Inc.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS SR., Judge LEON A. CANNIZZARO, JR., Judge ROLAND L. BELSOME).
BELSOME, Judge.
This case involves two companies that bid for a government contract awarded by the General Service Administration ("GSA") in 2000. The GSA is federal procurement agency charged with obtaining products and services for other federal agencies. The GSA regularly enters into contracts with private-sector businesses that are capable of providing necessary products and services.
In 2000, the GSA issued a Request for Quotation ("RFQ") for a Blanket Purchase Agreement ("BPA") to support the Navy's Information Technology Center in New Orleans. The RFQ was restricted to small businesses. In August 2000, Science & Engineering Associates, Inc. ("SEA") and Systems Engineering and Security, Inc. ("SES") submitted proposals in response to the GSA's RFQ. On August 31, 2000, the GSA awarded the BPA to SEA.
SES filed its petition on August 4, 2005 against Appellees, SEA, Apogen, Inc. ("Apogen")[1], and Robert Savoie ("Mr. Savoie").[2] *1091 SES's petition alleges that SEA and Mr. Savoie falsely represented that SEA was a small business in August 2000, when it submitted its proposal for and was awarded the BPA. SES further alleges that even after SEA had been awarded the BPA, Mr. Savoie repeatedly represented that SEA was a small business. SES contends that it was not until October 2004, that SES first learned of SEA's misrepresentation to the GSA.
In January 2006, the Appellees filed an exception of no cause of action and an exception of prescription. The trial court initially granted the exception of no cause of action, which was reflected in a judgment rendered on April 25, 2006. Later the trial court issued a more detailed judgment granting SEA's exception of no cause of action and dismissing SES's claims with prejudice. The judgment was followed by reasons for judgment. SES appeals the trial court's ruling.
SES asserts one assignment of error; the trial court erred in granting the Appellee's exception of no cause of action and in dismissing SES's claims. The question raised is whether the trial court applied the proper legal standard in granting the exception of no cause of action.
When determining whether to sustain an exception of no cause of action, the four corners of the petition bind the trial court. See Doe v. Jo Ellen Smith Medical Foundation d/b/a Jo Ellen Smith Medical Center and Jo Ellen Smith Psychiatric Center, XXXX-XXXX (La.App. 4 Cir. 7/13/05), 913 So.2d 140; Z.U. Azhar Clinic v. Rafiq, XXXX-XXXX (La.App. 4 Cir. 7/6/05), 913 So.2d 135. The facts alleged in the petition must be considered true for purposes of deciding whether the law provides a remedy for the plaintiff if the facts are proven at trial. Bibbins v. City of New Orleans, XXXX-XXXX (La.App. 4 Cir. 5/21/03), 848 So.2d 686. Further, no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ. Proc. art. 931. On appeal, the trial court's ruling sustaining an exception of no cause of action is reviewed de novo by this court. City of New Orleans v. Board of Commissioners of Orleans Levee Dist., 93-0690, pp. 47-49 (La.7/5/1994), 640 So.2d 237, 253.
SES's petition sets forth claims for intentional/fraudulent misrepresentation and negligent misrepresentation, as well as claims for oblique and revocatory actions. This Court recognizes that, when properly pled, these causes of actions are viable theories of recovery under Louisiana State law.
To succeed in a claim for intentional/fraudulent misrepresentations, the petition must contain allegations of: "(1) a misrepresentation of material fact, (2) made with the intent to deceive, (3) causing justifiable reliance with resulting injury." Goodman v. Dell Publishing Co., 1995 WL 428602 (E.D.La.1995). In support of SES's intentional/fraudulent misrepresentation claim, the petition states that SEA through its president, Mr. Savoie, knowingly misrepresented that it was a small business to the GSA in order to obtain the BPA. It is further alleged that Mr. Savoie's false representations were relied upon by both the GSA and SES, which ultimately resulted in the contract being awarded to SEA. Certainly, all of the elements necessary for that theory of recovery are alleged within the petition. Whether SES can prove such a claim against the Appellees is not an issue to be considered when determining if an exception of no cause of action should be sustained.
*1092 We give the same consideration to SES's claim of negligent misrepresentation. In Kadlec Medical Center v. Lakeview Anesthesia Assoc., 2005 WL 1309153 (E.D.La.2005), the court set forth the required elements necessary to establish a claim of negligent misrepresentation: (1) the defendant, in the course of its business or other matters in which it had pecuniary interest, supplied false information, (2) the defendant had a legal duty to supply correct information to the plaintiff, (3) the defendant breached its duty, which can be breached by omission as well as by affirmative misrepresentation, and (4) the plaintiff suffered damages or pecuniary loss as a result of the its justifiable reliance upon the omission or affirmative misrepresentation. SES reasserts its allegations of reliance on Mr. Savoie's misrepresentations of SEA's size status throughout the bid process, which caused the contract to be given to SEA rather than to SES. We find that the trial court went outside the scope of an exception of no cause of action in holding that "SES cannot maintain a misrepresentation claim because SEA did not owe a duty SEA." SES's allegations of negligent misrepresentation are sufficient to overcome an exception of no cause of action.
Lastly, the trial court addressed SES's claims for revocatory and oblique actions. Louisiana Civil Code articles 2036 and 2044 establish those actions. Louisiana state law provides an obligee with certain rights against obligors that cause or increase the obligors insolvency. SES's petition alleges that "[o]n information and belief, SEA made distributions to Apogen which caused or contributed to SEA's insolvency such that SES as a creditor may revoke those distributions." The petition also claims that Mr. Savoie's actions were a cause of SEA's insolvency, for which it would have a claim. Once again our focus is limited to the sufficiency of the allegations within the petition, which we must consider to be true. Thus, we find that a cause of action has been stated for those actions.
For the reasons discussed we find that SES has competently pled viable causes of action under Louisiana state law. Thus, we are compelled to reverse the trial court's granting of Appellees' exception of no cause of action. Accordingly, this matter is remanded for further proceedings.
REVERSED AND REMANDED
ARMSTRONG, C.J., and CANNIZZARO, J., Dissent with Reasons.
ARMSTRONG, C.J., Dissenting.
I respectfully dissent.
In 2000, SEA represented to the GSA that it was "small" in the process of bidding on a Blanket Purchase Agreement to support the Navy's Information Technology Center in New Orleans. SES alleges that this was a misrepresentation.
In 1998 the General Service Administration ("GSA") awarded a Multiple Award Schedule ("MAS") contract to SEA. SEA certified that it was a "small" business at the time. This certification is good for the five-year life of the MAS contract plus three additional five-year renewal options, regardless of whether SEA grows beyond what would normally qualify as "small" during the term of the MAS contract.
Accordingly, as a matter of law, SEA is considered to be a small business for the duration of the MAS, which would include all times relevant to this litigation. Therefore, also as a matter of law, allegations of misrepresentations are immaterial for purposes of this litigation.[1] Bearing this in *1093 mind, I believe that the plaintiff did not state a cause of action for intentional/fraudulent misrepresentation.
I believe the plaintiff also did not state a cause of action for negligent misrepresentation. As I noted above, SEA is considered to be a small business for the duration of the MAS contract. Consequently, also as a matter of law, it is immaterial for purposes of this litigation whether SEA negligently misrepresented its size.
Finally, I believe that the plaintiff did not state a cause of action for revocatory and oblique actions. SES's petition alleges that "SEA made distributions to Apogen which caused or contributed to SEA's insolvency such that SES as a creditor may revoke those distributions." Thus, SES's revocatory and oblique action claims presuppose SES's status as a creditor of SEA. However, SES's creditor status is in turn predicated upon SES's above discussed claims against SEA which, as I have already pointed out, have no basis in law.
For the foregoing reasons, I would affirm the judgment of the trial court.
CANNIZZARO, J., Dissenting.
I respectfully dissent from the majority opinion. The plaintiffs have alleged that they have claims against the defendants, because the defendants intentionally and fraudulently and negligently misrepresented facts to government entities. According to the plaintiffs' claims, the misrepresentations caused them damages.
Intentional or Fraudulent Misrepresentation
As the trial court judge explained in her reasons for judgment, certain elements are required to prove an intentional or fraudulent misrepresentation. There must be a misrepresentation of a material fact, an intent to deceive, and a justifiable reliance on the misrepresentation of fact that causes damage. As set forth in the majority opinion, the facts in the petition must be considered as true for purposes of an exception of no cause of action. Additionally, to defeat an exception of no cause of action, the petition on its face must contain allegations, which, if proven, state a cause of action.
The allegedly misrepresented facts were represented to a government entity, not to the plaintiffs, and neither the petition nor the amended petition alleges that the facts were misrepresented to them. Further, there is no allegation in the petition or the amended petition that the defendants had an intent to deceive the plaintiffs.
Although the plaintiffs do allege in the petition that they relied to their detriment on the misrepresented facts, they do not allege how they could have relied on facts that were misrepresented to a government entity and not to them. Thus, I do not think that in this case the petition, as amended, alleges on its face the elements that are required for a cause of action for fraudulent or intentional misrepresentation.
Negligent Misrepresentation
A claim for negligent misrepresentation on the part of the defendants would require the plaintiffs to have alleged in their petition, as it was amended, certain elements. False information must have been supplied by the defendants, the defendants must have had a duty to supply correct information, the duty to supply correct information must have been breached by an act or omission of the defendants, and *1094 the plaintiffs must have incurred damages as a result of the plaintiffs' reliance on the false information. The petition, as amended, on its face fails to state a cause of action for negligent misrepresentation, because the allegations in the petition, as amended, do not include the elements required for a cause of action based on negligent misrepresentation. There was no allegation of a legal duty owed by the defendants to the plaintiffs, which is essential for stating a claim for negligent misrepresentation.
Oblique and Revocatory Actions
The plaintiffs have alleged that they are entitled to an oblique or a revocatory action against the other defendants if Science & Engineering Associates, Inc. is insolvent. These actions are for the benefit of a creditor whose debtor is insolvent. I would find that there can be no debtor creditor relationship between the plaintiffs and the defendants based on the petition, as amended, because it fails to state a cause of action for either intentional, fraudulent misrepresentation or negligent misrepresentation. Therefore, there is no cause of action for an oblique or a revocatory action.
Based on the foregoing analysis, I would remand this case to the trial court. The plaintiffs should be given an opportunity to amend their petition to state a cause of action. La. C.C.P. art. 934.
NOTES
[1] Apogen and SEA merged in the intervening period.
[2] Savoie was SEA's president during the pertinent time period.
[1] (Compare this Court's discussion of the effect of immaterial fraud on a judgment in Haney v. Davis, 04-1716, p. 5 (La.App. 4 Cir. 1/19/06), 925 So.2d 591, 595, writ denied 06-0413 (La.4/28/06), 927 So.2d 293, and cases cited therein.)