968 So.2d 212 (2007)
Thelma HINES
v.
Jerome B. HINES, Sr.
Jerome B. Hines, Sr.
v.
Thelma Lawrence Hines.
Jerome B. Hines, Sr.
v.
Thelma Lawrence Hines.
Nos. 2007-CA-0156, 2007-CA-0157, 2007-CA-0164.
Court of Appeal of Louisiana, Fourth Circuit.
September 26, 2007.
Rita K. Akehurst II, Rita Akehurst & Associates Houston, TX, for Jerome B. Hines, Sr.
Theon A. Wilson, New Orleans, LA, for Thelma Lawrence Hines.
(Court composed of Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS JR., Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
Thelma Hines and Jerome Hines, Sr. were married on August 20, 1973, and divorced on February 28, 2001. A petition to partition community property was filed, set for hearing, and continued on several occasions before being heard on July 7, 2004. At the July 7, 2004, hearing, Ms. Hines was represented by counsel and Mr. Hines appeared in proper person. At the conclusion of Ms. Hines' testimony the court rendered judgment. Mr. Hines chose not to testify or present any witnesses.
On September 3, 2004, Mr. Hines filed a petition to annul judgment on the grounds that at the time of the trial he was not *213 mentally stable. More specifically, the judgment should be annulled under La. C.C.P. articles 2001 and 2002. In support of the petition a letter from Mr. Hines' physician, Dr. Marta L. Cuellar, was attached. The letter confirmed that Mr. Hines suffered from psychosis induced by the medication he was taking for an inflammatory disorder and would not be competent to participate in a trial.
In response to the petition to annul, Ms. Hines filed an exception of no cause of action and insufficiency of service of process. The insufficiency of service of process was cured prior to the hearing date and thus mooted. Upon hearing arguments for the exception of no cause of action the court sustained the exception. Mr. Hines appeals that ruling.
Although the parties' arguments contain a lengthy explanation of the facts surrounding the partition of the community property and Mr. Hines' medical condition, the only issue before this court is whether Mr. Hines properly stated a cause of action in his petition to annul judgment.
This court reviews the lower court's ruling to sustain an exception of no cause of action de novo. The peremptory exception of no cause of action tests the legal sufficiency of the plaintiff's petition by determining whether the law affords a remedy on the facts alleged in the petition. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). No evidence may be introduced by either party to support or to controvert the objection of no cause of action. Id. The court is not to look any further than the four corners of the petition. Id.
The petitioner in the instant case has alleged that his mental capacity was diminished at the time he appeared in court for the rendering of the judgment of partition of property. Thus, the judgment should be annulled under La. C.C.P. articles 2001 and 2002. Those codal articles read in pertinent part as follows:
Art. 2001 Grounds in General
The nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006.
********
Art. 2002  Annulment for vices of form; time for action
A. A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law.
The law clearly affords Mr. Hines the relief he has sought if he is able to establish at trial that he was incompetent at the time of his appearance on July 7, 2006. Therefore, this Court finds that the trial court erred when it sustained Ms. Hines' exception of no cause of action. Accordingly, the judgment of the trial court is reversed and this matter is remanded for further proceedings.
REVERSED AND REMANDED.