MAX N. TOBIAS, JR., Judge.
hThe issue we are asked to decide is whether plaintiffs who file suit in state district court after a class action on the same issue is filed in federal court, but prior to class certification and the commencement of the opt-out period, successfully opts out of the federal class action suit when those plaintiffs fail to formally notify the federal court that they are opting out of the class.
Nikola Vekic, Ante Lepetich, and Mato Lepetich (collectively hereinafter, “respondents”) [1] filed suit for damages on 28 August 2006 against Shell Pipeline Company LP; Shell Pipeline, LLC;[2] Shell Oil Company; Broussard Brothers, Inc.; Alford Services, Inc.; Hotwork I, L.L.C.; Rose Towing Services, Inc.; ABC Towing Company; and XYZ Towing Company[3] (collectively hereinafter, “Shell” |2or “respondents”). They allege that they were *184 lessees pursuant to La. R.S. 56:421, et seq., of state waterbottoms used for the purpose of bedding and growing oysters in Plaquemines Parish. They assert that Shell had constructed a pipeline (the Nairn pipeline) for the transportation of hydrocarbons through their leaseholds; the pipeline ruptured during Hurricane Katrina that struck on 29 August 2005 which spilled hydrocarbons. While repairing the pipeline and cleaning up the spilled hydrocarbons, respondents assert that the relators caused damages to then-leaseholds (waterbottoms) resulting in increased oyster mortality.
Prior to the respondents filing suit, three class actions were filed in the United State District Court for the Eastern District of Louisiana (“USDC”), namely, Lincoln, et al. v. Shell Pipeline Company LP, number 05-4197, Frelich, et al. v. Shell Pipeline LLC and Shell Pipeline Company LP, number 05-4199, and Frelich, et al. v. Shell Pipeline LLC and Shell Pipeline Company LP, number 06-5154, asserting a cause of action for damages relating to the same hydrocarbon spilling incident and damages to the waterbottoms during the pipeline repair and clean-up.[4] The Lincoln and Frelich cases proceeded forward whereby the court certified a settlement class, ordered dissemination of notice of class members that included the respondents within its number, commenced and concluded an opt-out period, and rendered a final judgment approving the class settlement. The final settlement judgment barred all class members from continuing any existing litigation and from filing any litigation within the certified class.
LThe relators filed exceptions of no cause of action, no right of action, and res judicata to the respondents’ suit. The trial court overruled the exceptions relying primarily upon a treatise commentary.[5]
|4We find that the trial court properly overruled the relators’ perempto *185 ry exceptions of no right of action and no cause of action. The exception of no right of action essentially raises the issue of whether the plaintiff has a real and actual interest in the lawsuit that he has filed. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 1096-97, 262 So.2d 328, 333 (1972). We find that the relators do have such an interest. The exception of no cause of action raises the issue of whether the law affords the plaintiff a remedy on the facts as alleged within the four corners of the plaintiffs petition as supplemented and amended. La. C.C.P. art. 931; Systems Engineering and Security, Inc. v. Science & Engineering Associations, Inc., 06-0974, p. 2 (La.App. 4 Cir. 6/20/07), 962 So.2d 1089, 1091; Hines v. Hines, 07-0156, 07-0157, 07-0164, p. 2 (La.App. 4 Cir. 9/26/07), 968 So.2d 212, 213. We conclude that the petition as amended does set forth a cause of action.
However, we find that the trial court erred in overruling the exception of res judicata. No one formally advised the federal court in writing that the respondents had filed a suit. Whereas it is undisputed that the relators and respondents knew jsthat the original separate suit had been filed in state court,[6] Judge Carl J. Barbier, the federal judge who presided over the settlement in Lincoln and French, was not so informed. Without being informed in writing, Judge Barbier could not have known that respondents desired to opt-out of the cases before him when the class had not been certified at time the respondents filed their suit. Thus, when Judge Barbier entered his order that set a deadline of 31 October 2007 to opt-out of the settlement class and signed the judgment approving the class action settlement and dismissing all consolidated actions on 14 November 2007, neither he nor the relators knew that the respondents did not intend to be bound by. the settlement in the case before him. The settlement class included:
... all persons, entities, owners of property, businesses or residents who or which sustained damage to their immovable, movable, real or personal property *186 ... arising out of or in any way related to or resulting from the rupture or repair of Shell’s Nairn Pipeline and/or the failure of the hurricane protection levee near Shell’s Nairn facility through which the Shell pipeline was placed, including without limitation, any such damage or damages arising out of or in any way related to or resulting from the release of crude oil, petroleum, fuel oil, hydrocarbons, or any other materials or substances from Shell’s Nairn Pipeline rupture or from Shell’s Nairn facility during or following Hurricane Katrina on August 29, 20005, or due to flooding, re-flooding or salt water intrusion from the breach of the hurricane protection levee on the west side of Nairn at its intersection with Shell’s Delta 20” pipeline following Hurricanes Katrina and Rita.
The official notice advising how to opt-out specifically stated that the party opting out must “send a letter by mail [to an address stated in the notice] |fisaying that you want to be excluded.” It further affirmatively warned that failure to formally opt out would bind a class member to the settlement. The notice was advertised in the Plaquemines Gazette, a newspaper of general circulation in Plaquemines Parish, and notice was mailed to respondents at the address on record with the Assessor of Plaquemines Parish, the same address as that registered with the Louisiana Department of Natural Resources for the respondents’ leaseholds.
Further, because federal law that has essentially preempted the field of class actions by the enactment of the Class Action Fairness Act [of 2005], 28 U.S.C.A. § 1453,[7] we find that the burden was upon the respondents to notify in a writing of some form that they chose to opt-out of the settlement. This could have taken the form of a letter sent to the federal court attaching a copy of the state court action or some other written notification. In the absence of that written notice, the federal court as well as the relators are/were justified in assuming that the respondents intended to be bound by the federal court’s orders on the matter. In the absence of a written opt-out delivered to the court or to “Nairn Claims Exclusion,”[8] one may presume that the respondents were attempting to obtain the proverbial “two bites apple,” to-wit, if they liked the settlement, they would claim that they had abandoned their suit by virtue of having never formally notified the federal court of their separate suit and election to opt-out of the class settlement, and if they did not like the settlement, then they could claim that their suit, although a copy had never delivered to the federal court or a letter about it written, was adequate notice.[9] In 17this situation, it is appropriate to hold that the Class Action Fairness Act, essentially abolishing, except for a certain number of limited situations, class actions in state courts, required the respondents to make a formal election in accordance with the federal court’s orders to advise that they were choosing to opt-out of the class.
We thus defer to the jurisdiction of the federal courts in this matter and the formal promulgated orders of the Honorable Carl Barbier, Judge of the United States *187 District Court for the Eastern District of Louisiana.
For these reasons, we grant the application for supervisory writs of the relators. We affirmed the trial court’s overruling of the exceptions of no cause of action and no right of action. We reverse the judgment of the trial court overruling the relators’ exception of res judicata and grant that exception. We dismiss the respondents’ lawsuit.
WRIT GRANTED; AFFIRMED IN PART; REVERSED IN PART; RENDERED.

. Only the claims of the Lepetiches are at issue in this writ.

. From the application for supervisory writs, the representation is made that the correct name of this single entity is Shell Pipeline GP, LLC. Henceforth, our ruling refers to both entities regardless of the correct name.

.Although the 14 November 2007 order of the United States District Court for the Eastern District of Louisiana does not specifically mention in paragraph 10(b) Rose Towing Services, Inc., ABC Towing Company, or XYZ Towing Company as being a settling party defendant, the order does discharge from liability in the settlement "... every *184 other company, partnership, parent, organization, corporation, predecessor, successor and affiliated and/or subsidiary corporation, as well as their former, current, and future agents, contractors, servants, employees, officers, directors, managers, executive officers, attorneys, stockholders, underwriters and insurers to the extent they underwrite or insure the Released Parties for the Released Claims, assigns, successors, affiliates, partners, co-owners, and joint venture partners....” We read this to include and do by our decree herein include all of the parties named by the respondents as parties defendant in the case at bar.

. An additional state court action was also was covered by the settlement, Petrovich, et al. v. Shell Pipeline Company, LP, et al. number 53-836 on the docket of the 25th Judicial District Court for the Parish of Plaquemines.

. The commentary states in pertinent part:
Although Rule 23(c)(2)(B) requires that the notice contain information regarding when and how members may elect to be excluded, the rule itself does not specify any particular means by which the absentee is to request exclusion. It certainly would be an undue burden on class members to require them to retain counsel and prepare a formal legal document; on the other hand, allowing too much informality might pose problems of authenticity and ambiguity. Nonetheless, considerable flexibility is desirable in determining what constitutes an effective expression of a class member's desire to be excluded and any written evidence of that desire should suffice.
Charles Alan Wright and Arthur R. Miller, 7AA Federal Practice and Procedure § 1787 (2008).
In pertinent part, F.R.C.P. 23, the statute on class actions, states:
(b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:
(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fair *185 ly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
(A) the class members' interests in individually controlling the prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
(D) the likely difficulties in managing a class action.
(2) Notice.
(B) For (b)(3) Classes. For any class certified under Rule 23(b)(3).the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
(i) the nature of the action;
(ii) the definition of the class certified;
(iii) the class claims, issues, or defenses;
(iv) that a class member may enter an appearance through an attorney if the member so desires;
(v) that the court will exclude from the class any member who requests exclusion;
(vi) the time and manner for requesting exclusion; and
(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

. The respondents were served with the original petition, obviously because they were required to do so lest their suit be dismissed for not requesting service within the 90-day time-frame of La. C.C.P. art. 1201 C. However, service of the amending petition was withheld at the respondents' request. We note that the relators did not file an exception to the respondents' lawsuit until 18 July 2008.

. The Class Action Fairness Act was enacted and became effective prior to 29 August 2005.

. Nairn Claims Exclusion was the “entity” to which a person needed to send written communication that the party wished to opt-out of the settlement as per the legal notice advertised and/or sent to persons at interest in the litigation.

.We find that the respondents have no right to a double recovery from the relators. If they have sought any money from the class settlement of the Lincoln and Frelich cases, they are obvious estopped from proceeding with the state court action at bar because such is an affirmative indication that the are bound by the settlement.