# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 15-298


**PATRICK JEANSONNE, ET AL.**

**VERSUS**

**CITY OF MARKSVILLE, ET AL.**



\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2013-8845-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**DAVID KENT SAVOIE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and David Kent Savoie, Judges.


**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**

**Aaron Broussard**
**Broussard & Hart, LLC**
**1301 Common Street**
**Lake Charles, LA 70601**
**(337) 439-2450**
**COUNSEL FOR PLAINTIFFS-APPELLEES:**
  **Patrick Jeansonne**
  **Connie Jeansonne**
  **Jacob Jeansonne**

**Derrick M. Whittington**
**Whittington Law Firm**
**P. O. Box 127**
**Marksville, LA 71351**
**(318) 253-5852**
**COUNSEL FOR DEFENDANTS-APPELLANTS:**
  **City of Marksville**
  **Ellis J. Walker**
  **Derrick Stafford**

**SAVOIE, Judge.**

Following a criminal trial wherein Patrick Jeansonne was convicted of disturbing the peace under La.R.S. 14:103, a jury in the instant civil action found that Mr. Jeansonne had been arrested without probable cause and awarded $5,000 in damages. In addition, the jury separately awarded Mr. Jeansonne $20,000 in damages after finding that the arresting officer had filed a false report and $25,000 in damages after finding that the arresting officer testified falsely in connection with the criminal trial. The conviction has not been overturned. Defendants appeal.

For the reasons that follow, we affirm the award of $5,000 in damages for false arrest. We further find that Mr. Jeansonne failed to state a cause of action arising out of the arresting officer's alleged false report and false testimony during trial, and we dismiss those claims with prejudice.

## PROCEDURAL AND FACTUAL BACKGROUND

On July 4, 2012, Plaintiff Patrick Jeansonne, along with his wife and son, were travelling in a Jeep Liberty from a camp in Innis, Louisiana to a veterinarian's office located on South Preston Street in Marksville, Louisiana. According to the Jeansonnes, their English bulldog was suffering from heat exhaustion and near death. Mrs. Jeansonne was driving the vehicle, and Mr. Jeansonne was in the back with the dog. The Jeansonnes' son was also riding in the vehicle.

Meanwhile, the City of Marksville was holding an annual Fourth of July parade, and police officer Lieutenant Derrick Stafford had blocked off the intersection of South Preston Street and Action Road to prevent traffic from coming onto the parade route. When the Jeansonnes' vehicle approached the

blocked intersection, Mrs. Jeansonne attempted to drive through the intersection, but Officer Stafford refused to let her through.

According to Officer Stafford's testimony, Mr. Jeansonne was irate and shouted expletives following Officer Stafford's refusal to let the Jeansonnes' vehicle through. Officer Stafford also claims Mr. Jeansonne's actions constituted the crime of disturbing the peace under La.R.S. 14:103.

Because the Jeansonnes were not permitted to drive through the blocked intersection, Mr. Jeansonne got out of the vehicle and carried the dog approximately fifty yards to the veterinarian's office on South Preston Street. Mr. Jeansonne testified that after he arrived at the veterinarian's office with the dog, and the dog was stabilized, he called 911 to complain about Officer Stafford's handling of the situation. Mr. Jeansonne claims that Officer Stafford heard his complaint on the police radio, and then directed Officer Nicholas Biebee, who had responded to the complaint, to arrest him at the veterinarian's office in retaliation for calling in the complaint. Officer Stafford denies this, and testified that he had informed Mr. Jeansonne that he was under arrest at the scene, but did not detain him because he could not leave his post during the parade, and he knew that Mr. Jeansonne was going to the veterinarian's office.

Ultimately, Officer Biebee placed Mr. Jeansonne under arrest at the veterinarian's office and placed handcuffs on him. Officer Stafford arrived shortly thereafter, and, according to his testimony, he added his handcuffs to Officer Biebee's to extend the length. Officer Stafford then drove Mr. Jeansonne to the Marksville police station, issued Mr. Jeansonne a summons for disturbing the peace, and released him. A criminal proceeding followed.

2

While the criminal proceeding was pending, the Jeansonnes filed the instant civil suit asserting claims against the City of Marksville, Ellis Walker in his capacity as Chief of Police, and Officer Stafford for false arrest, excessive force, and various other negligence claims, including Mrs. Jeansonne's and the Jeansonnes' son's claims for intentional infliction of emotional distress and damages allegedly incurred from witnessing injury to Mr. Jeansonne.

While the instant civil suit was pending, a criminal trial was held on August 29, 2013. Evidence at the criminal trial consisted of testimony by Officer Stafford, Officer Biebee, and Nicholas Scallan, a lay witness who videoed portions of the parade and the incident in question. In addition, clips of the video taken by Mr. Scallan, an audio recording of the dispatch radio traffic, and Officer Stafford's offense report were admitted into evidence. None of the Jeansonnes testified.

Primarily at issue during the criminal trial was the credibility of Officer Stafford's testimony as to what Mr. Jeansonne said and did at the time of the incident. Ultimately, the criminal court found Mr. Jeansonne guilty of disturbing the peace under La.R.S. 14:103 and sentenced him.

Mr. Jeansonne applied to this court for a supervisory writ in connection with the conviction, and the writ was denied. No other writs or appeals were taken in connection with the conviction, and there is no indication that a motion for new trial or any applications for post-conviction relief have been requested. Mr. Jeansonne's attorney testified during the civil trial of the instant matter that he did not seek further review of the criminal conviction because of the unlikelihood that the conviction would be overturned.

Trial of the instant civil matter was scheduled for Monday, October 27, 2014. On October 24, 2014, which was the Friday before trial, the Jeansonnes filed a

3

Fourth Supplemental and Amending Petition adding allegations that Officer Stafford filed a false police report and testified falsely at the criminal trial and that these falsifications led to Mr. Jeansonne's wrongful conviction. There was no indication that any new information had become available since the trial of the criminal matter.

Also on October 24, 2014, Defendants asserted an exception of no cause of action claiming that Mr. Jeansonne's conviction precluded the civil action. The exception was heard on October 27, 2014, prior to the start of the trial, and it was denied. The trial judge found that the conviction did not conclusively preclude the Jeansonnes' claim for false arrest and that the allegations regarding Officer Stafford's falsifications sufficiently equated to a fraud claim. After the Jeansonnes presented their case at trial, the Defendants moved for directed verdict, and their motion was denied.

Ultimately, (1) the jury found that Officer Stafford lacked probable cause to arrest Mr. Jeansonne, and awarded $5,000 in damages, (2) the jury found that Officer Stafford knowingly filed a false police report and awarded $20,000 in damages, and (3) the jury found that Officer Stafford knowingly testified falsely at trial, and awarded $25,000 in damages. The jury did not find any excessive force on the part of Officer Stafford and did not award any damages to Mrs. Jeansonne or the Jeansonnes' son.

The Defendants now appeal arguing that (1) their no cause of action exception should have been granted, (2) probable cause existed for Mr. Jeansonne's arrest, and (3) the damages awarded were excessive.

4

## ASSIGNMENT OF ERROR 1: NO CAUSE OF ACTION

"The standard or review for sustaining or denying a peremptory exception of no cause of action is de novo because it raises a question of law." *Hebert v. Shelton*, 08-1275, p. 3 (La.App. 3 Cir. 6/3/09), 11 So.3d 1197, 1201.

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether [the] plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true.

*Fink v. Bryant*, 01-987, pp. 3-4 (La. 11/28/01), 801 So.2d 346, 348-349 (citations omitted).

Louisiana has a system of fact pleading, and "[t]he mere conclusion of the pleader unsupported by facts does not set forth a cause or right of action." *Montalvo v. Sondes*, 93-2813, p. 6 (La. 5/23/94), 637 So.2d 127, 131.

When a petition is based on several separate and distinct causes of action arising out of separate and distinct transactions or occurrences, a partial judgment on an exception of no cause of action may be rendered to dismiss one action, while leaving the other actions to be tried on the merits. *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234 (La.1993).

*Cause of Action for False Arrest:*

The Jeansonnes alleged in their petition that Officer Stafford's warrantless arrest of Mr. Jeansonne for a misdemeanor was not made immediately or in close pursuit of the offense in violation of La.Code Crim.P. art. 213(1). Therefore, on the face of the petition, we find that Mr. Jeansonne adequately pled a claim for

5

false arrest, which has two elements: (1) detention of a person; and (2) the unlawfulness of the detention. *Touchton v. Kroger Co.*, 512 So.2d 520 (La.App. 3 Cir. 1987).

Defendants argue that Mr. Jeansonne's conviction, as alleged in the petition, conclusively establishes probable cause and, therefore, automatically precludes a claim for false arrest. Defendants cite *Gibson v. State,* 99-1730 (La. 4/11/00), 758 So.2d 782, *cert denied,* 531 U.S. 1052, 121 S.Ct. 656 (2000) in support of their argument. However, as Mr. Jeansonne notes, the statement in *Gibson, Id.* at 791, that "[a]fter indictment or conviction, the defendant can no longer allege lack of probable cause," upon which Defendants rely, was later recognized as dicta by the Louisiana Supreme Court on application for rehearing because the *Gibson* court found that probable cause existed under the facts. Therefore, that statement in *Gibson* is not controlling. As noted by Justice Lemmon in his concurring opinion in *Gibson, Id.* at 792,

> The critical issue is whether the police had probable cause to arrest plaintiff at the time he was arrested, and not whether the State had sufficient evidence to convict him . . . .
>
> . . . [I]f probable cause had not existed at the critical time and an investigation subsequent to the arrest had developed evidence to support the eventual conviction, plaintiff would be entitled to some amount of damages for wrongful arrest.

We therefore find that Defendants' exception was properly denied as to Mr. Jeansonne's claim for false arrest.

***Cause of Action Based on Alleged Falsifications by the Arresting Officer:***

The Jeansonnes' Fourth Supplemental and Amending Petition contains the following allegations concerning falsifications by Officer Stafford (emphasis in original):

27.

PATRICK JEANSONNE was taken in DERRICK STAFFORD's car to the Marksville Police Station and booked for Disturbing the Peace, a misdemeanor. **DERRICK STAFFORD made a false report of the events of the parade.**

28.

PATRICK JEANSONNE was charged with misdemeanor charges and no felonies.

. . . .

35.

On August 29, 2013, a bench trial was held before the Honorable William J. Bennett on the misdemeanor charge of Disturbing the Peace. **DERRICK STAFFORD knowingly testified falsely at the criminal trial.** As a result, PATRICK JEANSONNE was wrongfully convicted.

36.

Due to the blatant actions and inactions of LT. DERRICK STAFFORD, . . . stemming from the July 4, 2012 incident, PATRICK JEANSONNE, CONNIE JEANSONNE, and their minor child JACOB JEANSONNE, have continued to suffer violations of their rights, reputations, and character up to the present.

In denying Defendants' exception of no cause of action, the trial judge suggested that these allegations sufficiently established a cause of action for fraud. However, a tort claim based on fraud requires a misrepresentation of material fact made with the intent to deceive, when there was reasonable or justifiable reliance by the plaintiff and resulting injury. *Chateau Homes by RJM, Inc., v. Aucoin*, 11-1118 (La.App. 5 Cir. 5/31/12), 97 So.3d 398, *writ denied*, 12-1526 (La. 10/12/12), 98 So.3d 872; *Sys. Eng'g and Sec., Inc. v. Sci. & Eng'g Ass'ns, Inc.*, 06-974 (La.App. 4 Cir. 6/20/07), 962 So.2d 1089. The Jeansonnes' petition fails to allege that the Jeansonnes reasonably relied on Officer Stafford's representations, and, therefore, it does not state a separate cause of action for fraud.

The Jeansonnes' allegations also do not constitute a claim for malicious prosecution because the Jeansonnes have failed to allege that the criminal proceeding resulted in a finding that Mr. Jeansonne was not guilty, which is an essential element to such a claim. *See Miller v. Desoto Reg'l. Health Sys.*, 13-639 (La.App. 3 Cir. 12/11/13), 128 So.3d 649, *writ denied*, 14-294 (La. 4/11/14), 138 So.3d 609. Moreover, any emotional distress suffered from the alleged wrongful conviction would be an element of damages arising out of a claim for malicious prosecution, had one been properly pled, and would not give rise to a cause of action separate and apart from a claim for malicious prosecution. *Jenkins v. Baldwin*, 00-802 (La.App. 4 Cir. 8/29/01), 801 So.2d 485.

In addition, the Louisiana Supreme Court has recognized the long-standing rule that an adverse witness in a judicial or quasi-judicial proceeding is absolutely immune from civil liability in a defamation or retaliation suit, regardless of malice or falsity. *Marrogi v. Howard,* 01-1106 (La. 1/15/02), 805 So.2d 1118. The *Marrogi* court recognized that:

> The court in the 1869 Louisiana Supreme Court decision, *Terry v. Fellows*, [21 La. Ann. 375, 376-377 (La.1869),] further explained that "[w]itnesses, like jurors, appear in court in obedience to the authority of the law, and therefore may be considered as well as jurors to be acting in discharge of a public duty, and though [they are liable to prosecution for perjury or conspiracy to give false testimony], they are not responsible in a civil action for any reflections thrown out in delivering their testimony." . . . .
>
> In general, witness immunity is an "absolute privilege" because the privilege protects the witness from civil suit regardless of malice or falsity.

*Marrogi*, at 1125 (internal citations omitted).

The *Marrogi* court also approvingly cited the case of *Lauga v. McDougall,* 463 So.2d 754 (La.App. 4 Cir. 1985), wherein the immunity was found to apply to

8

a  police officer who testified in a criminal proceeding, even if the testimony was actually false.

While Defendants did not specifically assert absolute immunity as a basis upon which to grant their exception, absolute immunity that is apparent on the face of a petition may properly form the basis of sustaining an exception of no cause of action. *Lauga*, *Id.*; *Connolly v. Stone*, 01-929 (La.App. 5 Cir. 1/15/02), 807 So.2d 979; and *Miller*, 128 So.3d 649.  Moreover, an exception of no cause of action may be raised by an appellate court.  La.Code. Civ.P. art. 928.

Because the Jeansonnes' Fourth Supplemental and Amending Petition does not adequately allege a cause of action arising out of Officer Stafford's alleged false report and false testimony at trial, we reverse the denial of Defendants' exception of no cause of action with regard to Mr. Jeansonne's claims for filing a false report and giving false testimony, and dismiss those claims. It was error for separate claims on these grounds to proceed to the jury.

## ASSIGNMENT OF ERROR 2: PROBABLE CAUSE TO ARREST

Defendants argue that the jury's finding that Officer Stafford arrested Mr. Jeansonne without probable cause is not supported by the record. We disagree.

The Louisiana Supreme Court has stated the following with respect to probable cause:

> An officer satisfies his duty of good faith in making an arrest if the arrest is based on probable cause. Probable cause exists when the facts and circumstances within the arresting officer's knowledge, and of which he has reasonable and trustworthy information, are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense.

*Gibson,* 758 So.2d at 788.

The Louisiana Supreme Court has also set forth the following standard for reviewing a jury's findings of fact:

> A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." [There is] a two-part test for the reversal of a factfinder's determinations:
>
> > 1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
> >
> > 2) [T]he appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
>
> This test dictates that a reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court's finding. The reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous.

*Stobart v. State, through Dep't. of Transp. and Dev.*, 617 So.2d 880, 882 (La.1993) (citations omitted).

It is undisputed that Mr. Jeansonne was arrested without a warrant. While La.Code Crim.P. art. 213(A)(1) allows a warrantless arrest for a misdemeanor committed in the presence of the arresting officer, the arrest must be made immediately or in close pursuit. Therefore, in the instant matter, if Officer Stafford did not arrest Mr. Jeansonne for his conduct at the parade route immediately or in close pursuit, he could not later arrest Mr. Jeansonne absent probable cause for the arrest of some other crime.

Louisiana Code of Criminal Procedure Article 201 defines arrest as "the taking of one person into custody by another," and provides that, "[t]o constitute arrest there must be an actual restraint of the person." It is undisputed that Officer Stafford did not physically restrain Mr. Jeansonne at the parade route.

Accordingly, there was sufficient evidence in the record for the jury to find that Officer Stafford did not arrest, or actually restrain, Mr. Jeansonne immediately, or in close pursuit, following his actions at the parade route.

There was also evidence that Officer Stafford did not chase or immediately pursue Mr. Jeansonne following the events at the parade. Testimony at trial, as well as the police dispatch recording, support a finding that Officer Stafford did not ask Officer Biebee to detain Mr. Jeansonne at the veterinarian's office until after Mr. Jeansonne had called to complain about Officer Stafford and Officer Stafford heard the complaint over the dispatch radio. Officer Stafford did not physically restrain Mr. Jeansonne until after he arrived at the veterinarian's office, added his cuffs to Officer Biebee's, and then drove Mr. Jeansonne to the police station in the police vehicle.

Therefore, because there was evidence to support a finding that Officer Stafford did not immediately, or in close pursuit, arrest (i.e., restrain) Mr. Jeansonne following the alleged commission of the crime of disturbing the peace at the parade route, and because there was no evidence indicating that Mr. Jeansonne committed any other crime at the veterinarian's office or otherwise, we cannot say that the jury was manifestly erroneous in finding that Officer Stafford lacked probable cause to arrest Mr. Jeansonne at the veterinarian's office.

### ASSIGNMENT OF ERROR 3: EXCESSIVE DAMAGES

In their third assignment of error, Defendants argue generally that the total of $50,000 in damages awarded by the jury was excessive. Because we dismissed Mr. Jeansonne's claims based on Officer Stafford's alleged false report and false testimony at trial, we pretermit the issue of whether the $20,000 damage award and

$25,000 damage award for those respective claims were excessive. We consider only whether the $5,000 in damages awarded for false arrest was excessive.

The Louisiana Supreme Court has provided the standard of review for an award of general damages:

> Vast discretion is accorded the trier of fact in fixing general damage awards. La. Civ.Code art. 2324.1; *Hollenbeck v. Oceaneering Int., Inc.,* 96-0377, p. 13 (La.App. 1 Cir. 11/8/96); 685 So.2d 163, 172. This vast discretion is such that an appellate court should rarely disturb an award of general damages. *Youn v. Maritime Overseas Corp.,* 623 So.2d 1257, 1261 (La.1993), *cert. denied,* 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Thus, the role of the appellate court in reviewing general damage awards is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. *Youn,* 623 So.2d at 1260. As we explained in *Youn:*
>
>> Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or decrease the award.
>
> *Id.* at 1261.
>
> The initial inquiry, in reviewing an award of general damages, is whether the trier of fact abused its discretion in assessing the amount of damages. *Cone v. National Emergency Serv. Inc.,* 99–0934 (La.10/29/99), 747 So.2d 1085, 1089; *Reck v. Stevens,* 373 So.2d 498 (La.1979). Only after a determination that the trier of fact has abused its "much discretion" is a resort to prior awards appropriate and then only for the purpose of determining the highest or lowest point which is reasonably within that discretion. *Coco v. Winston Indus., Inc.,* 341 So.2d 332 (La.1976).

*Duncan v. Kansas City Southern Ry. Co.*, 00-66, pp. 13-14 (La. 10/30/00), 773 So.2d 670, 682-683.

In the instant matter, Mr. Jeansonne was arrested at the veterinarian's office without probable cause, handcuffed in front of his family and other witnesses, and taken to the Marksville police station in Officer Stafford's vehicle. He was issued a

summons and thereafter released. The evidence suggests he was detained for less than an hour. We cannot say that under these facts, the jury abused its vast discretion in awarding Mr. Jeansonne $5,000 in damages for false arrest.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's denial of Defendants' exception of no cause of action as to Mr. Jeansonne's claim for false arrest. We further affirm the jury's award of $5,000 in damages for false arrest.

As to Mr. Jeansonne's claims arising out Officer Stafford's allegedly false report and false testimony at the criminal trial, we partially reverse the trial court's denial of Defendants' exception of no cause of action, render judgment in favor of Defendants partially sustaining their exception of no cause of action as to those claims, and dismiss those claims with prejudice.

Costs of this appeal are assessed equally between Plaintiffs-Appellees and Defendants-Appellants.

**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**