WILLIAMS, J.
The plaintiffs, Robert White and Murphy White, appeal a judgment in favor of the defendant, St. Elizabeth Baptist Church Board of Directors. The district court granted the defendant’s exceptions of no cause of action, res judicata and lack of subject matter jurisdiction, dismissing the plaintiffs’ claims. For the following reasons, we affirm.
FACTS
In February 2008, the Board of Directors (“the Board”) of the St. Elizabeth Baptist Church (“the church”), a nonprofit corporation, sent notice of a meeting to church members. The notice stated that the purpose of the meeting was a vote of the members on whether to terminate the church membership of attorney Murphy "White and his father, Robert White, because of their involvement in several lawsuits filed against the church. However, a quorum was not present at the meeting and no action was taken. The Board then mailed to members written notice of another meeting to be held on March 16, 2008, for the purpose of voting to remove Murphy and Robert White as members and prohibit their participation in church activities.
On March 11, 2008, the plaintiffs, Murphy and Robert White, filed a petition with injunction and temporary restraining order (TRO) against the defendant, the Board, seeking to prevent the meeting. The district court initially granted the TRO, but then dissolved the TRO prior to the meeting, based on the plaintiffs’ failure to provide notice to the Board. On March 16, 2008, a majority of the church members present voted to remove both Murphy "White and Robert "White from church membership.
The plaintiffs then filed an amended petition, seeking an injunction to enjoin their expulsion from the church. In response, the Board filed an exception of no cause of action, on the grounds that the court should not interfere with the church members’ decision regarding who was entitled to church membership. The court denied injunctive relief and continued the exception pending the decision of this court in a prior case involving these parties, White v. St. Elizabeth B.C. Board of Directors, 48,329 (La.App.2d Cir.6/4/08), 986 So.2d 202. Subsequently, the district court denied the Board’s exception of no cause of action and the plaintiffs’ motion to reconsider the denial of injunctive relief.
Approximately one year later, in June 2009, the plaintiffs filed a “Third (3rd) Amended Petition” seeking injunctive relief and damages for wrongful expulsion from church membership. The Board filed exceptions of no cause of action, res judicata and lack of subject matter jurisdiction. After a hearing, the district court rendered judgment sustaining the exceptions and dismissing the plaintiffs’ claims. The plaintiffs appeal the judgment.
DISCUSSION
The plaintiffs contend the district court erred in granting defendant’s exception of res judicata. Plaintiffs argue that the court’s prior denial of a preliminary injunc *1142 tion should not preclude their claim for a permanent injunction.
A subsequent action is precluded by res judicata when (1) there is a valid and final judgment between the same parties, (2) the cause of action existed at the time of the final judgment in the prior lawsuit, and (3) the cause of action asserted in the subsequent lawsuit arose out of the same occurrence that was the subject matter of the prior action. LSA-R.S. 13:4231; Pratt v. LSU Medical Center in Shreveport, 40,476 (La.App.2d Cir.1/27/06), 921 So.2d 213.
Generally, the applicant for a permanent injunction must prove that irreparable injury, loss or damage may otherwise result. LSA-C.C.P. art. 3601. A preliminary injunction is a procedural device designed to preserve the existing status pending a trial of the issues on the merits of the case. An applicant for a preliminary injunction has the burden of making a prima facie showing that he will prevail on the merits of the case, i.e., that he will obtain a permanent injunction based upon proof of irreparable injury. Equitable Petroleum Corp. v. Central Transmission, Inc., 431 So.2d 1084 (La.App. 2d Cir.1983).
In the present case, the district court’s June 2008 judgment denied the plaintiffs’ application for a preliminary injunction, impliedly finding that the plaintiffs failed to make a prima facie showing of irreparable injury that would be necessary to obtain a permanent injunction. The plaintiffs did not appeal that judgment, which became final. Thus, the judgment denying injunctive relief precluded the plaintiffs’ subsequent claim for a permanent injunction asserted in their third amended petition, since the action for in-junctive relief existed at the time of that judgment and arose from the same occurrence that was the subject matter of the previous lawsuit. Consequently, we cannot say the district court erred in sustaining the exception of res judicata on this issue. The plaintiffs’ argument lacks merit.

No Cause of Action

The plaintiffs contend the district court erred in sustaining the defendant’s exception of no cause of action. Plaintiffs argue that as members of the nonprofit corporation, they have a cause of action to sue the corporation for their improper removal from church membership.
A “cause of action,” when used in the context of the peremptory exception of no cause of action, refers to the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendant. Century Ready Mix Corp. v. Boyte, 42,634 (La.App.2d Cir.10/24/07), 968 So.2d 893. The exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. Century Ready Mix Corp., supra; Birdsong v. Hirsch Memorial Coliseum, 42,316 (La.App.2d Cir.8/22/07), 963 So.2d 1095. The exception is triable on the face of the petition, each well-pled fact of which must be accepted as true. There is no requirement that the court accept as true any conclusions of law alleged in the petition. Appellate courts conduct a de novo review of a district court’s ruling sustaining an exception of no cause of action, because the exception raises a question of law and the court’s decision should be based only on the sufficiency of the petition. Century Ready Mix Corp., supra; Birdsong, supra.
No evidence may be introduced to support or controvert the exception of no cause of action. LSA-C.C.P. art. 931. Evidence introduced without objection has been recognized as an exception to the *1143 general rule. Such evidence is considered as having enlarged the pleadings. Birdsong, supra.
A member of a nonprofit corporation may bring an action to assert the invalidity of a corporate act or to enjoin the performance of the act. LSA-R.S. 12:208. A corporation shall have the power to exclude from further membership any member who fails to comply with the reasonable and lawful requirements of the rules and regulations made by the corporation for the governance of its members. LSA-R.S. 12:210(H).
In the present case, plaintiffs sought damages for wrongful expulsion from church membership. Although Section 208 authorizes a member of a nonprofit corporation to file an action asserting that an act of the corporation was improper and should be set aside, the statute does not provide a monetary remedy to the member aggrieved by the corporation’s act. The plaintiffs did not allege that they experienced financial loss as a result of their removal from membership in the corporation. Thus, plaintiffs have failed to state a cause of action for damages for wrongful expulsion from the church.
In their petitions, the plaintiffs allege that under Article VII of the articles of incorporation, they were entitled to continued membership in the church as long as they were paying dues and making financial contributions. However, the plaintiffs’ petitions did not specify the language of the article relied upon. Instead, they attached the church’s articles of incorporation to their original and amended petitions. The record does not indicate that the defendant objected to the court’s consideration of this evidence and we shall consider the relevant provisions of the articles of incorporation.
Article V provides that the management of the corporation shall be exercised by the Board, to be elected by the members, and that special meetings of the members may be called at times determined by the Board. Article V also states that at elections of the Board and “at all other meetings of the members, each member, whose dues are paid for the current fiscal year, shall be entitled to one vote, and a majority of all such members shall decide all elections or any questions coming before any such meeting.” Article VII provides that:
There shall be but one class of membership. The subscribers to these Articles of Incorporation shall be the first members of this corporation. Other members may be elected at any time, by a majority vote of those who are then members, and whose dues are paid for the current fiscal year. The fiscal year of this corporation shall be from January 1st in each year until December 31st; and each member shall pay annual dues as determined by the corporation’s by-laws for each fiscal year, or fraction thereof, for which he is a member of this corporation. Each member of this corporation, upon the payment of dues as above set forth, shall be entitled to a certificate of membership for the fiscal year for which such dues are paid, the certificates of membership to be signed by the president or the vice-president and by the secretary. Members may resign by written resignation submitted to the board of directors, and such resignation shall be effective when accepted by the board of directors.
Based upon the foregoing language, Article VII simply requires that each member pay annual dues for each year in which he is a member of the corporation. Contrary to the plaintiffs’ assertion, this provision does not state that as long as a member pays dues, he cannot be expelled from church membership.
*1144 In an attempt to state a cause of action, the plaintiffs allege that under Section 210(H), they could not be expelled from church membership for filing lawsuits against the Board, because the articles of incorporation did not include a specific rule prohibiting members of the corporation from filing such lawsuits. However, even if we accept as true the alleged lack of such a rule and plaintiffs’ expulsion after filing such a lawsuit, these allegations do not support the claim that the Board did not have authority to expel plaintiffs as members following a majority vote of church members to exclude plaintiffs from further membership in the church.
The articles of incorporation and the applicable statutory provisions govern the corporation’s members and the Board’s authority to act. Although the articles of incorporation do not expressly provide for the involuntary removal of members of the corporation, we do not find any provision in the articles prohibiting members from voting on whether another member should be excluded from membership in the church for conduct believed to be detrimental to church operations. The Nonprofit Corporation Law authorizes the board of directors to manage corporate affairs and to call special meetings of the members at any time. LSA-R.S. 12:224; LSA-R.S. 12:229. A majority of votes actually cast by members of the corporation shall decide any matter properly brought before a members’ meeting. LSA-R.S. 12:232(G).
Regarding the procedure followed by the Board and church members in this case, Article V of the articles of incorporation provides that management of the corporation shall be exercised by the Board, which is authorized to call meetings of members and submit questions for decision by the members as the Board deems proper in governing the corporation’s ^affairs. In addition, Article V states that at a meeting of members, a majority of members entitled to vote shall decide any question coming before such meeting.
Plaintiffs do not allege in the petition that the procedure followed for voting at the membership meeting was improper or that votes were cast by members who were not eligible to vote. The plaintiffs’ petition does not allege that they or any other eligible members were denied the opportunity to vote at the meeting. Nor do plaintiffs allege that the notice of the meeting was inadequate. Based on the allegations in the original and amended petitions, the articles of incorporation and the applicable law, we find that the plaintiffs failed to state a cause of action for wrongful expulsion from the church. Consequently, the district court did not err in sustaining the exception of no cause of action. Thus, the plaintiffs’ assignment of error lacks merit. In reaching this conclusion, we pretermit a discussion of the exception of lack of subject matter jurisdiction.
CONCLUSION
For the foregoing reasons, the district court’s judgment is affirmed. Costs of this appeal are assessed to the appellants, Robert White and Murphy White.
AFFIRMED.
CARAWAY, J., concurs with written reasons.
PEATROSS, J., concurs for the reasons assigned by CARAWAY, J.