DANIEL L. DYSART, Judge.
 

 Lin this appeal, plaintiffs
 
 [1]
 
 assert that the trial court erred in granting the defendants’ exceptions of collateral estoppel and issue preclusion. For the reasons set forth below, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 1 This lawsuit arises out of the M/V BRIGHT FIELD allision with the River-walk Mall along the Mississippi riverfront in New Orleans on December 14, 1996. Plaintiffs sued non-vessel interests, which included the International Rivercenter, New Orleans Rivercenter, NORC Riparian Properties, Corp. (“IRC/NORC”) and the Board of Commissioners of the Port of New Orleans (“Board”). Plaintiff, Yvonne Richards, claimed she was a pedestrian at the time of the accident' and sustained injuries. She filed a class action petition in December 1997. The matter was removed to federal court in January 1998, and a stay of all state court claims was issued. In February 2002, Mrs. Richards executed a receipt and release as to all
 
 *1138
 
 claims against defendants New Orleans Rivercenter and |2NORC Riparian Properties Corp. On January 23, 2003, the case was remanded to state court. On April 13, 2004, plaintiff filed a Second Supplemental and Amending Petition adding nine plaintiffs to this case who claimed they, too, were pedestrians at the Riverwalk and sustained injuries during the accident.
 

 Defendants filed Peremptory Exceptions óf Collateral Estoppel or Issue Preclusion seeking to dismiss, with prejudice, the claims of putative class representatives, Marva Kent, Richard Davis, and Marcel Porter, as well as all other proposed class members whose damages were fully and fairly litigated to final judgment in the federal limitation of liability proceedings held before Judge Sear and Judge Barbier, through subsequent allotment. Defendants also contended that those claimants who compromised their claims in the limitation proceeding were similarly estopped from pursuing additional remedies in the state court proceeding.
 

 Plaintiffs maintained that they did not waive their rights to proceed against non-vessel defendants after the conclusion of the limitation proceeding. Plaintiffs further asserted that virtually none of their claims for mental anguish and fear and fright were “fairly and fully litigated.” They contended that no plaintiff who settled without going to trial received any compensation for either mental anguish or fear and fright.
 

 The trial court examined whether the federal limitation proceeding resolved all elements of damages attributed to the allision, including non-pecuniary damages for fear and fright. The court focused on Judge Barbier’s order of August 22, 2002, which denied fifty-nine claimants’ motions to opt out of the procedure | sfor trials of damage claims in federal court as originally set forth in Judge Sear’s order of June 24, 2002. These claimants included state court putative class representatives Yvonne Richards, Marva Kent, Richard Davis, and Marcel Porter.
 

 The trial court confirmed that the bench trials of the various claimants’ actions against the vessel interests that were randomly allotted to the various district and magistrate judges of the Eastern District of Louisiana resolved all elements of damages attributable to the allision, including mental anguish and fear and fright.
 

 The trial court dismissed with prejudice the claims of plaintiffs Marva Kent, Marcel Porter, and Richard Davis on the grounds of collateral estoppel. The trial court reasoned,
 

 The federal court record demonstrates that these putative class representatives have fully litigated the issues of the nature and extent of their general and special damages for injuries sustained at the time of the BRIGHT FIELD allision on December 14, 1996. The court finds that the issues tried to the federal court are identical to the same elements of damages sought in the instant matter from the land-based defendants. Additionally, the court finds that the issue of damages in the federal court proceedings was a necessary part of the final judgments rendered in that case.
 

 The court further ruled that the remaining class representatives who settled their claims against the vessel interests were also fully made whole by the recovery they received in the limitation proceeding, es-topping them from pursuing additional recovery against the land-based defendants. Plaintiffs subsequently filed this appeal.
 

 DISCUSSION
 

 | Jn their sole assignment of error, plaintiffs aver that the trial court erred in granting the defendants’ exceptions of collateral estoppel and issue preclusion.
 

 
 *1139
 
 Issue preclusion is a subset of res judicata, such that the granting of an exception of issue preclusion is technically the granting of a peremptory exception of res judicata. The standard of review for a peremptory exception of res judicata “requires an appellate court to determine if a trial court’s decision is correct or incorrect.”
 
 Simmons v. Baumer Foods, Inc.,
 
 09-1739, p. 2 (La.App. 4 Cir. 10/6/10), 2010 WL 3911288, *2.
 

 Under the federal issue preclusion doctrine, the plaintiffs are barred from relitigating a claim in a subsequent lawsuit against different defendants where three elements are present:
 

 (1) The issue at stake must be identical to the one involved in the prior action;
 

 (2) The issue must have been actually litigated in the prior action; and
 

 (3) The determination of the issue in the prior action must have been a necessary part of the judgment in that action.
 

 The issue in the federal limitation of liability proceedings was the claimants’ entitlement to recover damages arising from the allision of the BRIGHT FIELD with the Riverwalk. The issue in the case at bar is identical: plaintiffs seek damages from the allision of the BRIGHT FIELD with the Riverwalk. Plaintiffs do not dispute that the issue is identical in the two cases; rather, they claim they were not adequately compensated in federal court for their injuries.
 

 Plaintiffs also suggest that their entitlement to damages for mental anguish, fear and fright, and/or negligent infliction of emotional distress in state court is not identical to their entitlement in the federal limitation of liability proceeding. _[¿Plaintiffs’ arguments ignore the fact that Judge Sear specifically stated in his August 28, 1998 Memorandum and Order that claimants would be evaluated on a case-by-case basis to determine their entitlement to damages for negligent infliction of emotional distress, including consideration of whether they were in the “zone of danger.”
 
 See In re Clearsky Shipping Corp.,
 
 1998 WL 560347 at *2. Likewise, in Louisiana, a plaintiff may recover damages for mental anguish sustained while a traumatic ordeal is in progress by showing “that he was in a hazardous situation, within the zone of danger, and that his fear was reasonable given the circumstances.”
 
 Boyd v. Allied Signal, Inc.
 
 07-1409, p. 17 (La.App. 1 Cir. 10/17/08), 997 So.2d 111, 122. Thus, the same legal principles that governed the claimants’ entitlement to mental anguish damages in the federal limitation of liability proceeding govern the plaintiffs’ entitlement to mental anguish damages here. Because the record establishes that the issue was identical, we find that the first prong of the issue preclusion analysis is satisfied.
 

 The second element for application of the federal issue preclusion doctrine is also established. Despite plaintiffs’ assertions to the contrary, the record is clear that plaintiffs’ general and special damages were actually litigated in the federal limitation proceedings. The transcripts of the bench trials of the individual proposed class representatives directly contradict any allegation by plaintiffs that they did not seek recovery of general, non-pecuniary damages in the federal court proceedings or that none were awarded. For example, in Mr. Porter’s bench trial, counsel for plaintiff described her client’s fear and fright:
 

 That ship, there’s no question, was the size of a football field coming his way. This is like something out of
 
 The Titanic,
 
 when you see a huge blob of steel coming your way and you try to get out.
 
 *1140
 
 You live with that. He had nightmares for at least two years. Even now, when he is in a crowd, he has problems and he [sic] a relatively young man.
 

 |fiFollowing the argument, Judge Duval made the following findings:
 

 I find as a fact that the plaintiff was working at Lemoine’s Restaurant on December 14, 1996, and was present when the BRIGHT FIELD allided with the Riverwalk. I find as a fact that Lem-oine’s was very near the point of impact and, in fact, the testimony is that the bow of the vessel came into the restaurant, so certainly it was a frightening experience. I’m sure there was pandemonium and chaos. I think that, beyond peradventure, plaintiff and others would attempt to escape from such a situation. Therefore, he was definitely in a zone of danger.
 

 [[Image here]]
 

 Therefore, I’m going to award the plaintiff compensatory damages, which is comprised of his pain and suffering, both past and future, for the aggravation of the injury, and for the fear and fright which took place at the time — and I’m sure there’s still some residual, although plaintiff did downplay that in his testimony by saying that he just has a fear of crowds a bit now, but he doesn’t dream as much.
 

 At Mr. Davis’s trial, Judge Fallon made the following findings:
 

 The Court finds that as a result of the elision [sic] and the aggravation exacerbation resulting therefrom and the expenses incurred therewith that the plaintiff sustained the following damages: with regard to wages, the Court finds that the evidence indicates he has lost wages of $3,500. Medical expense, $13,534. Fear and fright in connection with the running and the elision [sic] caused by the elision [sic], $5,000. Pain and suffering associated with the exacerbation aggravation, the flareup and the consequences of swelling from the exacerbation and flareup, $40,000.
 

 Although Judge Zainey did not discuss fear and fright or make a specific award of such damages to Ms. Kent, Ms. Kent did receive an
 
 in globo
 
 general damage award of $20,000. Further, nothing in the record indicates that she was prevented from litigating the issue of her entitlement to non-pecuniary damages. Plaintiffs cite no record evidence or case law to support their argument.
 

 Further, the general, non-pecuniary damages issue was recognized by the parties as important and by the trier of fact as necessary to the judgments in the limitation proceedings. Following the individual trials in those proceedings, each |7of the claimants was awarded general, non-pecuniary damages for negligent infliction of mental distress, mental anguish and fear and fright. Each of those claimants also received legal interest from the date of judicial demand. No factual questions relative to plaintiffs’ entitlement remain to be tried in state court. Thus, the second prong of the issue preclusion analysis has been satisfied.
 

 The third element for application of the issue preclusion doctrine is also established in this case. The sole purpose of the federal limitation of liability proceeding and the system of bench trials was to determine the nature and extent of the claimants’ injuries and the amount of general and special damages each of the individual claimants was entitled to receive. Judge Sear’s June 24, 2002 Minute Entry specifically stated that the trials would be held to determine,
 
 inter alia, zone
 
 of danger, recoverability of damages, and amount of damages. Thus, determination
 
 *1141
 
 of the issue of the claimant’s damages was a necessary part of the judgments issued in favor of each of the claimants in the federal limitation of liability trials. Nowhere in their briefs did plaintiffs challenge this factor of the issue preclusion analysis. Because determination of the plaintiffs’ damages was an essential part of the trials and resulting judgments, the third prong of the collateral estoppel analysis has been satisfied.
 

 Nielson v. Spanaway General Medical Clinic,
 
 185 Wash.2d 255, 956 P.2d 312 (1998), involved a factually similar scenario and provides guidance in this matter. The
 
 Nielson
 
 court applied the issue preclusion factors to a situation in which plaintiffs, as here, sought to relitigate their entitlement to damages in a state court proceeding after having already recovered damages for the same injuries arising out of the same factual circumstances in a federal court proceeding. In that case, plaintiffs’ ill child had been treated at the defendant hospital. The mother was not satisfied with | sthe care given at the first facility, so the child was later taken to an army medical center, where her care and diagnosis were significantly delayed, resulting in permanent brain damage. The child and her parents filed suit in state court against the first hospital, then filed suit in federal district court against the United States as owner and operator of the army hospital. The federal court action went to trial before any proceedings took 'place in the state court matter. The federal court awarded damages to the plaintiffs. The United States appealed, but the parties later settled then* action. The federal court judgment, however, was not vacated.
 

 Thereafter, the state court defendants moved for summary judgment, asserting that the doctrine of issue preclusion barred relitigation of plaintiffs’ damages. The trial court dismissed the action, and the Washington Supreme Court affirmed. The court noted that the elements of damages considered by the federal court were identical to those damages that could have been recovered in state court.
 
 Id.
 
 at 318. Plaintiffs argued that they were entitled to have a jury determine the amount of their damages, but the court disagreed. The court averred that the determination of damages is a factual issue for a jury under Washington law, but found that “the question in the present case is whether an issue of fact continues to exist after it has been fully litigated and determined in a prior case.”
 
 Id.
 
 at 319. The court found that no issue of fact remained to be determined, as plaintiffs were afforded an opportunity to fully and fairly litigate the issue of their damages in federal court.
 

 As in
 
 Nielson,
 
 the issue of fact in this case, damages, has been conclusively determined by the federal court. No fact issues remain for a jury to determine as to plaintiffs’ claims, as their damages were fully and fairly litigated to settlement or final judgment in the limitation of liability proceeding. The doctrine of issue | ¡preclusion therefore bars the plaintiffs from relitigating their damages in state court.
 

 Plaintiffs suggest that the proposed class representatives who settled their claims in the federal proceeding are not barred from pursuing additional damages from the land-based defendants in state court.
 

 Federal courts have found that issue preclusion effect may be given to a settlement whenever “it is clear that the parties intended the stipulation of settlement and judgment entered thereon to adjudicate once and for all the issues raised in that action.”
 
 United States v. Real Property Located at 22 Santa Barbara Dr.,
 
 264 F.3d 860, 873 (9th Cir.2001) (citing
 
 Green v.
 
 
 *1142
 

 Ancora-Citronelle Corp.,
 
 577 F.2d 1380, 1383 (9th Cir.1978)). Accordingly, the fact that some of the class representatives here settled their claims in the limitation action “does not detract from [each settlement] being considered a conclusive determination of the merits of that action for purposes of collateral estoppel where, as here it is clear that the parties intended the stipulation of settlement and judgment entered to adjudicate once and for all the issues raised in that action.”
 
 Green,
 
 577 F.2d at 1383.
 

 After reviewing the settlement agreements resulting from the federal limitation of liability proceedings, the trial court found that the settlements in this case were intended by the parties to adjudicate once and for all the settling claimants’ rights to damages arising from the allision of the BRIGHT FIELD with the River-walk. This conclusion is supported by the orders of Judges Sear and Barbier. We find that all of the proposed class representatives, including those who settled, had an opportunity to present their claims in federal court. Relitigation of those claims in state court against different defendants is therefore barred by the federal issue preclusion doctrine.
 

 ^CONCLUSION
 

 Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Plaintiffs include the putative class representatives, Marva Kent, Richard Davis, and Marcel Porter, as well as all other proposed class members.