STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-639

GARLAND MILLER

VERSUS

DESOTO REGIONAL HEALTH SYSTEM, ET AL.

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 64,651
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of John D. Saunders, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

AFFIRMED.

Pamela N. Breedlove
Breedlove Law Firm
Post Office Box 8667
Bossier City, Louisiana  71112
(318) 423-0845
Counsel for Defendant/Appellee:
        Desoto Regional Health System

**Charles D. Soileau**
**Charles D. Soileau, APLC**
**730 San Antonio Avenue**
**Many, Louisiana  71449**
**(318) 256-0076**
**Counsel for Defendant/Appellee:**
     **Don Burkett**

**Lisa V. Johnson**
**Corkern, Crews & Guillet, L.L.C.**
**Post Office Box 1036**
**Natchitoches, Louisiana  71458-1036**
**(318) 352-2302**
**Counsel for Defendant/Appellee:**
     **Guffy Lynn Pattinson**

**Garland Miller**
**In Proper Person**
**Post Office Box 547**
**Natchitoches, Louisiana  71458**
**(318) 461-3582**
**Plaintiff/Appellant**

**KEATY, Judge.**

Plaintiff appeals the trial court's judgment granting exceptions in favor of Defendants. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Defendant, Desoto Regional Health Systems, and Plaintiff, Dr. Garland Miller, entered into an employment contract and office management arrangement. Plaintiff alleges that after his contract terminated, Desoto Regional, Sabine Parish Sheriff's Deputies, and others illegally entered Plaintiff's office with the intention of seizing records and information to be used in a criminal case against Plaintiff. Miller was arrested and charged with state felony theft and other criminal offenses on September 29, 2005.

In 2007, Plaintiff was indicted on federal charges, and, in 2008, Plaintiff was convicted of two counts of tax evasion by failing to timely file tax returns, failing to pay tax on income, converting payments to himself and his wife to cash and money orders, and embezzling payments due to Desoto Regional which he then converted to cash and money orders. Failing to report as income and pay taxes on money he embezzled from Desoto Regional were the subjects of the state law theft charges. The U.S. Fifth Circuit Court of Appeals affirmed Plaintiff's conviction. As part of the sentence, Plaintiff was ordered to pay Desoto Regional restitution in the amount of $55,470.94.

In the federal case, Plaintiff filed a motion to suppress, alleging that evidence had been seized without a search warrant, that Desoto Regional employees seized records with the implicit authorization of law enforcement officials, and that patient records and computer records were accessed and removed without his consent. The magistrate judge held that the evidence established

Desoto Regional employees were not acting as government agents, they entered the clinic which they leased and had a right to enter, and they searched and removed property Desoto Regional owned pursuant to the contracts between the parties. The magistrate judge determined that neither the district attorney nor any other governmental official had a hand in Desoto Regional's decision to search the clinic but were present only to keep the peace. The magistrate judge concluded that Desoto Regional's "employees simply entered a building that Desoto owned" and recommended denial of his motion to suppress evidence. The federal district court reviewed the report and recommendations and the record, concurred with the findings of the magistrate judge, and denied the motion to suppress.

After his conviction, but prior to his appeal, Plaintiff filed a Motion for Judgment of Acquittal or, Alternatively, for a New Trial. The federal district court denied the motion. The Fifth Circuit affirmed Plaintiff's conviction. Plaintiff subsequently filed a Motion to Vacate, Set Aside, or Correct Sentence. The federal district court denied the motion. Thereafter, the federal district court denied Miller's writ where he argued that he was forced to make restitution for embezzlement.

The state criminal case, which was instituted in 2005, was dismissed in 2011 after Plaintiff was released from prison on federal charges. Plaintiff subsequently filed a petition in the state trial court naming as Defendants Desoto Regional, Sabine Parish District Attorney Don Burkett, Sheriff Guffey Lynn Pattison, Ron Wolfe, and unknown defendants A-Z. Plaintiff alleged Defendants were liable to him for malicious prosecution, false arrest, unlawful search and seizure, defamation, interference with a contract, and breach of contract. Desoto Regional and Sheriff Pattison filed exceptions of prescription and no cause of action.

2

Burkett filed an exception of no cause of action. The trial court denied Desoto Regional's and Sheriff Pattison's exceptions of prescription but granted the exceptions of no cause of action as to all Defendants. The trial court granted Plaintiff leave to cure his petition by amendment to include factually based allegations that, when assumed true, establish at law a cause of action for the offense(s) pled.

Plaintiff thereafter filed an amended petition. Defendants, Desoto Regional and Sheriff Pattison, again filed exceptions of no cause of action and added exceptions of res judicata/issue preclusion. Burkett also again filed an exception of no cause of action. The trial court granted Defendants' exceptions of no cause of action and res judicata/issue preclusion and dismissed Plaintiff's claims against those Defendants. The trial court also found that Plaintiff failed to state a cause of action for malicious prosecution on the face of his original and amended petition against Burkett and dismissed Plaintiff's claims against him. It is from these rulings that Plaintiff has appealed.

Plaintiff is now before this court asserting that: (1) the trial court erred in ruling that there was no cause of action because there was no bona fide termination of the proceedings since no trial was held; (2) the trial court erred in granting the exception of prescription and dismissing the claims for defamation, slander, and libel; and (3) the trial court erred in granting a motion for no cause of action as it relates to breach of contract and interference with a contract.[1]

---

[1] Plaintiff's Assignments of Error and Issues for Review appear to limit his appeal to the exceptions of no cause of action sustained as to his claims for malicious prosecution, breach of contract, and interference with a contract and an exception of prescription alleged to have been sustained as to his claims for defamation, slander, and libel. However, in his Statement of the Case, Plaintiff argues matters related to his search and seizure claim that were dismissed in response to the exceptions of res judicata and issue preclusion due to his federal conviction of tax evasion. "However, the courts of this State have considered briefs in improper form when filed

"In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition." *Ramey v. DeCaire*, 03-1299, pp. 7-8 (La. 3/19/04), 869 So.2d 114, 119.

## DISCUSSION

### I.    <u>Exception of No Cause of Action</u>

As mentioned above, Plaintiff contends that the trial court erred in ruling that there was no cause of action because there was no bona fide termination of the proceedings since no trial was held. In opposition, Defendants contend that Plaintiff failed to state a cause of action for malicious prosecution, false arrest, unlawful search and seizure, defamation, interference with a contract, and breach of contract/indemnity claims.

"'The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition.'" *Washington Mut. Bank v. Monticello*, 07-1018, p. 7 (La.App. 3 Cir. 2/6/08), 976 So.2d 251, 256 (quoting *Cleco Corp. v. Johnson*, 01-175 (La. 9/18/01), 795 So.2d 302), *writ denied*, 08-530 (La. 4/25/08), 978 So.2d 369. "A 'cause of action,' when used in the context of the peremptory exception of no cause of action, refers to the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant." *Bogues v. Louisiana Energy Consultants, Inc.*, 46,434, p. 3 (La.App. 2 Cir. 8/10/11), 71

---

by *pro se* claimants." *Washington v. First Choice Trucking*, 06-1479, p. 4 (La.App. 3 Cir. 3/7/07), 953 So.2d 107, 110. Thus, we will address all issues.

So.3d 1128, 1130 (citing *White v. St. Elizabeth B.C. Bd. of Dirs.*, 45,213 (La.App. 2 Cir. 6/2/10), 37 So.3d 1139). "'The petition must set forth the material facts upon which a cause of action is based; *the allegations must be ultimate facts*; conclusions of law [or] fact, and evidentiary facts will not be considered.'" *Sparks v. Donovan*, 04-388, p. 4 (La.App. 3 Cir. 10/13/04), 884 So.2d 1276, 1279 (quoting *Parish of Jefferson v. City of Kenner*, 95-266 (La.App. 5 Cir. 10/31/95), 663 So.2d 880).

### A. False Arrest

Wrongful arrest, or the tort of false imprisonment, occurs when one arrests and restrains another against his will and without statutory authority. *Kyle v. City of New Orleans*, 353 So.2d 969 (La.1977). "The tort of false imprisonment consists of the following two essential elements: (1) detention of the person; and (2) the unlawfulness of the detention." *Kennedy v. Sheriff of E. Baton Rouge*, 05-1418, p. 32 (La. 7/10/06), 935 So.2d 669, 690. Arrests made with probable cause are not unlawful and therefore plaintiffs cannot recover damages for false arrest or false detention. *Tabora v. City of Kenner*, 94-613 (La.App. 5 Cir. 1/18/95), 650 So.2d 319, *writ denied*, 95-402 (La. 3/30/95), 651 So.2d 843.

In the present case, there were no allegations in Plaintiff's original and amended petitions that Defendants actually arrested Plaintiff, restrained Plaintiff, or otherwise prevented Plaintiff's movement or ability to leave any location.[2] Thus, the petitions failed to allege any cause of action for false arrest and this claim was properly dismissed.

---

[2] *See Kennedy*, 935 So.2d at 690, wherein the court held that there lacked any allegation that an employee restrained plaintiff "or prevented him from leaving." Plaintiff "was detained only when . . . he was handcuffed and transported to a nearby substation. There is thus no factual support for an essential element of plaintiff's cause of action." *Id.*

## B.  Malicious Prosecution

Plaintiff contends that the trial court erred in ruling that there was no cause of action because there was no bona fide termination of the proceedings since no state criminal trial was held.

In *LeBlanc v. Pynes*, 46,393, p. 6 (La.App. 2 Cir. 7/13/11), 69 So.3d 1273, 1279, *writ denied*, 11-1792 (La. 10/14/11), 74 So.3d 213, the court noted that the following six elements are required to assert a claim for malicious prosecution:

> 1) the commencement or continuance of an original criminal or civil judicial proceeding; 2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; 3) its bona fide termination in favor of the present plaintiff; 4) the absence of probable cause for such proceeding; 5) the presence of malice therein; and 6) damages conforming to legal standards resulting to plaintiff.

The "purpose of the 'bona fide termination' requirement in malicious prosecution cases is that the underlying litigation should be brought to a conclusion on the merits before a malicious prosecution suit based on the underlying litigation is allowed to proceed." *Savoie v. Rubin*, 01-3275, 01-3276, p. 4 (La. 6/21/02), 820 So.2d 486, 488.  When the merits of the underlying proceeding have not been reached, this requirement is not satisfied.  *Id.*  In *Terro v. Chamblee,* 95-70, pp. 4-5 (La.App. 3 Cir. 7/19/95), 663 So.2d 75, 77-78, this court explained:

> [A] bona fide termination must *reflect* the merits of the underlying action.  This would be true where, for example, a criminal proceeding is dismissed for lack of sufficient evidence of guilt following a preliminary examination.  On the other hand, a merely procedural victory, such as a dismissal on an exception of prescription or for failure to allow discovery, as in the case *sub judice*, does not relate to the merits of the suit and thus is not a bona fide termination for purposes of a subsequent action for malicious prosecution.

Proceedings terminate in favor of the accused only when they affirmatively indicate the accused is not guilty. *Taylor v. Gregg*, 36 F.3d 453 (5th Cir. 1994).

In the present case, the petitions failed to allege that there was a bona fide termination of the criminal prosecution in favor of Plaintiff. Although the district attorney dismissed the state criminal proceeding, there were no allegations that the dismissal determined that Plaintiff was not guilty as charged. There were no allegations of any preliminary examination or other findings in the state criminal case in which the trial court, the prosecutor, or any other person ever determined that Plaintiff was not guilty or that there was a lack of probable cause for the prosecution. The petitions never even alleged that Plaintiff did not embezzle money from Desoto Regional.

Moreover, Plaintiff's federal conviction for failing to report or pay taxes on money embezzled from Desoto Regional bars such a finding and meets any burden of showing the Defendants acted on probable cause and without malice. Thus, the petitions failed to state a cause of action for malicious prosecution, and this claim was properly dismissed.

## C.    Defamation

Plaintiff contends that following the search of his office, both Desoto Regional and the Sabine Parish Sheriff's Deputies made defamatory statements which were published in the newspaper. Specifically, Plaintiff contends Desoto Regional fired him publicly in the newspaper for theft and wrongdoing.

In order to establish a claim for defamation, the following four elements must be met: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Kennedy*, 935 So.2d at 674. In jurisprudence, the fault requirement is sometimes referred to as malice, actual or implied. *Id.* "[T]o plead material facts, a petitioner alleging a cause of action for

7

defamation must set forth in the petition with reasonable specificity the defamatory statements allegedly published by the defendant." *Badeaux v. Sw. Computer Bureau, Inc.*, 05-612, 05-719, p. 10 (La. 3/17/06), 929 So.2d 1211, 1218. The court further explained:

> The allegations that the letter contained "libelous and/or fraudulent statements and/or intentionally misleading statements" are conclusory, and the alleged defamatory statements are not set forth with reasonable specificity. The petition does not describe the nature of the defamatory statements contained in the anonymous letter. Thus, we find that these allegations, liberally construed, are insufficient to state a cause of action for defamation.

*Id.* at 1219.

In the present case, the petitions contained no allegations of any false or unprivileged statement made by Defendants or any of their representatives. The original petition only makes conclusory allegations of being defamed without any factual allegations. The amended petition merely contains arguments and general legal principles. However, these conclusory allegations are insufficient to state a cause of action for defamation. Although the amended petition references a newspaper article, there were no allegations that the statements in the paper were false. Thus, the petitions failed to state a cause of action for defamation, and this claim was properly dismissed.

**D.    Search and Seizure under Federal and State Law**

In *State v. Lavergne*, 08-44, p. 4 (La.App. 1 Cir. 5/2/08), 991 So.2d 86, 89, *writ denied*, 08-1459 (La. 2/20/09), 1 So.3d 494, the court noted:

> The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures by the government. It provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." A search and/or seizure by a private citizen, acting in his capacity as a private citizen,

is not prohibited by the Fourth Amendment because the amendment only protects against actions by government agents.

In *State v. Clark*, 454 So.2d 232, 234 (La.App. 3 Cir.), *writ denied*, 456 So.2d 1012 (La.1984) (quoting *State v. Reeves*, 427 So.2d 403 (La.1982) (dissenting opinion of Justice Dennis)), the court noted:

> "The universal interpretation of provisions similar to Article 1, Section 5 and the Fourth Amendment . . . has been that government intrusion upon any of the elements of personal security specifically listed therein by a search or seizure conducted outside of the judicial process, without prior approval of a judge or magistrate, is prohibited as unreasonable per se."

In the present case, there were no allegations in the petitions that Desoto Regional is an agency of a federal, state, or local political subdivision or otherwise acted under color of law. There were no allegations of any factual or legal basis for liability against Desoto Regional for purported violations of Louisiana law or the Fourth Amendment for search and seizure.

Additionally, the Sabine Parish Sheriff's Office was only present during the 2003 search and seizure to provide security. After an evidentiary hearing in the federal case, which included testimony and documents, the magistrate judge determined that the search and seizure that occurred was legal. The magistrate judge determined that neither the district attorney nor any other governmental official had a hand in Desoto Regional's decision to search the clinic but were only there to keep the peace. Thus, the petitions failed to state a cause of action for illegal search or seizure, and this claim was properly dismissed.

**E.    Interference With A Contract**

In *9 to 5 Fashions, Inc. v. Spurney*, 538 So.2d 228, 234 (La.1989), the court noted:

> For purposes of analysis, the action against a corporate officer for intentional and unjustified interference with contractual relations may be divided into separate elements: (1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) absence of justification on the part of the officer; (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer.

"The tort of intentional interference with a contract, as limited by the Supreme Court, applies to a corporate officer interfering with his employer's contractual relations with third persons." *White v. White*, 93-1389, p. 7 (La.App. 3 Cir. 6/15/94), 641 So.2d 538, 542, *writs denied*, 94-2456, 94-2467 (La. 12/19/94), 648 So.2d 402. "To state a cause of action for intentional interference with a contract, the plaintiff must allege and prove a breach of contract." *Sun Drilling Prods. Corp. v. Rayborn*, 00-1884, p. 21 (La.App. 4 Cir. 10/3/01), 798 So.2d 1141, 1155, *writ denied*, 01-2939 (La. 1/25/02), 807 So.2d 840.

In the present case, the petitions failed to allege any facts that meet the standards for a claim of intentional interference with a contract. There were no allegations of any fiduciary or other duty that would create a cause of action for tortuous interference with a contract. Plaintiff's petitions also failed to allege that any contract between Plaintiff and Sheriff Pattison, oral or written, existed. Consequently, the petitions failed to state a cause of action for interference with a contract, and this claim was properly dismissed.

10

## F.     Indemnity Claims

In *Home Insurance Co. of Illinois v. National Tea Co.*, 588 So.2d 361, 364 (La.1991) (quoting *Polozola v. Garlock, Inc.*, 343 So.2d 1000 (La.1977)), the court noted:

> A contract of indemnity whereby the indemnitee is indemnified against the consequences of his own negligence is strictly construed, and such a contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent act, unless such an intention was expressed in unequivocal terms.

Additionally, the general rules that govern the interpretation of other contracts apply in interpreting indemnity contracts. *Jessop v. City of Alexandria*, 03-1500 (La.App. 3 Cir. 3/31/04), 871 So.2d 1140, *writ denied*, 04-1529 (La. 10/1/04), 883 So.2d 991. "[A]n indemnity agreement does not render the indemnitor liable until the indemnitee actually makes payment or sustains loss." *Meloy v. Conoco, Inc.*, 504 So.2d 833, 839 (La.1987).

In the present case, the petitions alleged some oral contract that the parties would indemnify each other and hold each other harmless. There are no allegations, however, as to what specific actions this alleged agreement applied. Without a specific written agreement to indemnify for one's own wrong doing, there is no cause of action. Furthermore, the petitions fail to allege any liability or judgment that was rendered against him to form the basis of any indemnity claim. Thus, the petitions failed to allege any cause of action for indemnity, and this claim was properly dismissed.

## G.     Burkett has Prosecutorial Immunity

Even if the petitions stated a cause of action and assuming that the issues alleged were not precluded by the findings of the federal court, which is discussed below, Burkett is immune from suit. In *Knapper v. Connick*, 96-434 (La.

10/15/96), 681 So.2d 944, the supreme court made it clear that prosecutors have absolute immunity from claims of prosecutorial misconduct that is intimately associated with the judicial phase of the criminal process. Prosecutors also have immunity from their acts in initiating a prosecution and in presenting the state's case, i.e., conduct falling within the course and scope of their prosecutorial functions. *Id*. The supreme court held also that such immunity extends even to prosecutorial actions taken in bad faith or with malice. *Id*.

The record in this case is devoid of any evidence that Burkett acted with malice. The record shows that all actions were taken in the normal course of a criminal investigation and prosecution. The charge of theft was warranted since he was found guilty of failing to pay taxes on the funds that were diverted from Desoto Regional. It was only after the lengthy incarceration of Miller that the local theft charge was dismissed by Burkett in his official capacity as district attorney. Although Plaintiff's petitions name Burkett as a Defendant in his individual capacity, it is clear that Plaintiff's allegations deal with Burkett's conduct which falls squarely within his role as a prosecutor. Under *Knapper*, he is absolutely immune from suit for any of the alleged causes of action.

Finally, this immunity defense defeats any alleged claim at the outset and is, therefore, properly raised by the exception of no cause of action. *Hayes v. Parish of Orleans*, 98-2388 (La.App. 4 Cir. 6/16/99), 737 So.2d 959.

## II.  Exception of Prescription

As mentioned above, Plaintiff claims in his second assignment of error that the trial court erred in granting the exception of prescription and dismissing the claims for defamation, slander, and libel. A review of the record indicates that the Defendants' exception of prescription filed in response to Plaintiff's original

12

petition was denied without prejudice. Plaintiff thereafter filed an amended petition. Defendants again filed exceptions of no cause of action and added exceptions of res judicata/issue preclusion. Defendants, however, did not re-urge their exception of prescription. Thus, the trial court never ruled on, much less granted, Defendants' alleged exception of prescription in response to Plaintiff's amended petition. As such, there is not a prescription issue as alleged by Plaintiff. We have addressed, however, the issues of defamation, slander, and libel above.

### III.  Exception of Res Judicata and Issue Preclusion

"Issue preclusion is a subset of res judicata, such that the granting of an exception of issue preclusion is technically the granting of a peremptory exception of res judicata." *Richards v. Bd. of Comm'rs of the Port of New Orleans*, 10-1171, p. 4 (La.App. 4 Cir. 2/2/11), 57 So.3d 1135, 1139. Res Judicata may be raised through a peremptory exception, and evidence may be introduced to support the peremptory exception pleaded at or prior to the trial of the case. La.Code Civ.P. art. 927(A)(3); La.Code Civ.P. art. 931.

In *Paradise Village Children's Home, Inc. v. Liggins*, 38,926, p. 7 (La.App. 2 Cir. 10/13/04), 886 So.2d 562, 568, *writ denied*, 05-118 (La. 2/4/05), 893 So.2d 884, the court noted:

> The preclusive effect of a prior federal court judgment is controlled by federal *res judicata* rules. *Ellis v. Amex Life Ins., Co.*, 211 F.3d 935 (5th Cir.2000). Under federal law, *res judicata* is appropriate if: 1) the parties to both actions are identical (or at least in privity); 2) the judgment in the first action is rendered by a court of competent jurisdiction; 3) the first action concluded with a final judgment on the merits; and 4) the same claim or cause of action is involved in both suits.

"The federal common law on res judicata, issue preclusion or collateral estoppel operates to bar one convicted in a criminal proceeding from re-litigating

13

'questions distinctly put in issue and directly determined' in the criminal prosecution." *McCollough v. Dauzat*, 98-1293, p. 3 (La.App. 3 Cir. 3/3/99), 736 So.2d 914, 916 (quoting *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 71 S.Ct. 408 (1951)).  A final criminal conviction "is therefore conclusive in this civil litigation as to issues that were litigated and adjudicated in that prosecution." *U.S. v. One 1976 Mercedes 450 SLC*, 667 F.2d 1171, 1174, fn. 2 (5th Cir. 1982).

In the present case, Plaintiff's claims are barred by issue preclusion and res judicata due to his federal conviction, the rulings on his motion to suppress, and the factual findings necessary for his conviction. Plaintiff had multiple opportunities to litigate these issues in the federal courts.

After an evidentiary hearing, the magistrate judge determined that the search on January 24, 2003, which Plaintiff complained of in the petitions in this matter, was legal.  As previously mentioned, the magistrate judge determined that Desoto Regional had a legal right to enter the premises it was leasing and obtain patient records and billing records that it owned.  Prior to his criminal trial, the federal district court agreed.  The Fifth Circuit affirmed.  The federal district court again confirmed these rulings in post-conviction motions.  Thus, Plaintiff is barred from re-litigating the issues of the legality of the search, the legality of Desoto Regional's seizure of records it owned, and the existence of a valid lease on January 24, 2003.

The federal courts further held that Desoto Regional was not acting on behalf of the Sheriff's Office, the Internal Revenue Service, or any other state actor. Therefore, Plaintiff is barred from re-litigating whether there was any state action involved in the search and seizure or any alleged private party search.

14

Plaintiff is barred from re-litigating whether he embezzled money from Desoto Regional, as his embezzlement from Desoto Regional formed a basis of his conviction. It was specifically referenced in the indictment, and the federal courts affirmed his convictions based on the evidence admitted at trial regarding his embezzlement. Plaintiff even admitted during his federal prosecution that the issues were the same. Plaintiff cannot seek recovery for any alleged false arrest or malicious prosecution for felony theft or defamation related to such charges, as he was convicted of not paying taxes on the money he embezzled from Desoto Regional.

Furthermore, Plaintiff is barred from challenging the federal court order of restitution in a state court proceeding or seeking damages for having paid the restitution order. The federal court has ruled on this matter multiple times.

Accordingly, all of Plaintiff's claims against all Defendants are barred by res judicata and issue preclusion. The trial court properly dismissed these claims.

## DECREE

The judgment rendered by the trial court is affirmed. All costs of this appeal are assessed against Dr. Garland Miller.

**AFFIRMED.**