PETERS, J.,
concurs in part and dissents in part.
|TI basically agree with all but one issue resolved by the majority opinion. I also agree with the majority’s conclusion that neither the exclusivity issue nor the $12,000.00 award was properly raised in the six assignments of error asserted on appeal by the defendants. The one issue wherein I disagree is the majority’s conclusion that the $6,500.00 award to Kirby A. Roy III should be reversed. I find that it is supported by the record.
As recognized by the majority, Mr. Roy raised this complaint in the context of both a false arrest and a malicious prosecution claim. The majority correctly concluded that Mr. Roy did not establish the elements of a false arrest claim as those are set forth in Kennedy v. Sheriff of Baton Rouge, 05-1418 (La.7/10/06), 935 So.2d 669, but I disagree with the majority’s conclusion that Mr. Roy did not establish the malice element required for a malicious prosecution award as set forth in Miller v. Desoto Regional Health System, 13-639 (La.App. 3 Cir 12/11/13), 128 So.3d 649, writ denied, 14-294 (La.4/11/14), 138 So.3d 609.
Mr. Gremillion filed a criminal charge against Mr. Roy and, as pointed out in Simon v. Variety Wholesalers, Inc., 00-452, p. 6 (La.App. 1 Cir. 5/11/01), 788 So.2d 544, 548 — 19, writ denied, 01-2371 (La.l1/16/01), 802 So.2d 617, “[a] 1 gstatement that imputes the commission of a crime to another is defamatory per se and as a result, falsity and malice are presumed, but not eliminated as requirements. Defendant then bears the burden of rebutting the presumption.” The court in Simon went on to say that:
Privilege is a defense to a defamation action. A qualified privilege exists whenever a defamatory communication is made: (1) in good faith, (2) on a matter in which the person making the communication has an interest or with regard to which he has a duty, or (3) to a person with a corresponding interest or duty. Good faith exists for the purpose of this privilege when the communicating party has reasonable grounds to believe the statement to be true.
Id. at 549. (Citations omitted).
In this case, Mr. Gremillion had no reasonable ground to believe that the criminal charge he instituted against Mr. Roy was true. He was well aware of the hunting reservation language in the 1980 transaction and used the criminal law to put pressure on Mr. Roy. The record supports a finding of malicious prosecution, and I would affirm the award of damages to Mr. Roy.