NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**16-74**

**THAD WELCH**

**VERSUS**

**INTERIM SUPERINTENDENT, BURNELL LEJEUNE, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2014-6208
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

**Genovese, J., dissents.**

**Larry Lane Roy**
**Brown Sims, P.C.**
**600 Jefferson St., Suite 800**
**Lafayette, LA 70501**
**(337) 484-1250**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Thad Welch**

**Courtney T. Joiner**
**Hammonds, Sills, Adkins & Guice LLP**
**2431 S. Acadian Thruway, Suite 600**
**Baton Rouge, LA 70808**
**(225) 923-3462**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Lafayette Parish School Board**
    **Burnell LeJeune, Interim Superintendent**

**EZELL, Judge.**

Thad Welch appeals the decision of the trial court below granting an exception of no cause of action in favor of Burnell LeJeune and the Lafayette Parish School Board (hereinafter LPSB). For the following reasons, we hereby affirm the decision of the trial court.

In the spring of 2012, Mr. Welch was contacted by a prior Superintendent of Schools for Lafayette Parish, Dr. Pat Cooper, who offered him a position overseeing the maintenance of the school facilities in the parish. The LPSB hired him, creating the position of a "Special Assistant to the Superintendent-Facilities, Maintenance, Grounds, and Transportation." In the spring of 2013, the LPSB eliminated funding for Mr. Welch's position. Dr. Cooper was fired as superintendent, and Mr. LeJeune was installed as interim superintendent. As Mr. Welch's position had been defunded by the LPSB, Mr. LeJeune told him that he was terminated. Mr. Welch was offered another job in the school system, but the pay was dramatically less than in his prior position, so he refused that offer. Instead, Mr. Welch filed the current suit against Mr. LeJeune and the LPSB, alleging wrongful termination. Mr. LeJeune and the LPSB filed an exception of no cause of action, which was granted by the trial court, thereby dismissing Mr. Welch's claims. From that decision, Mr. Welch appeals.

Mr. Welch asserts one assignment of error on appeal: that the trial court erred in granting Mr. LeJeune and the LPSB's exception of no cause of action, thereby dismissing his suit. We disagree.

> "'The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition.'" *Washington Mut. Bank v. Monticello*, 07-1018, p. 7 (La.App. 3 Cir. 2/6/08), 976 So.2d 251, 256 (quoting *Cleco Corp. v. Johnson,* 01-175

(La.9/18/01), 795 So.2d 302), *writ denied*, 08-530 (La.4/25/08), 978 So.2d 369. "A 'cause of action,' when used in the context of the peremptory exception of no cause of action, refers to the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant." *Bogues v. Louisiana Energy Consultants, Inc.*, 46,434, p. 3 (La.App. 2 Cir. 8/10/11), 71 So.3d 1128, 1130 (citing *White v. St. Elizabeth B.C. Bd. of Dirs.*, 45,213 (La.App. 2 Cir. 6/2/10), 37 So.3d 1139). "'The petition must set forth the material facts upon which a cause of action is based; *the allegations must be ultimate facts*; conclusions of law [or] fact, and evidentiary facts will not be considered.'" Sparks v. Donovan, 04–388, p. 4 (La.App. 3 Cir. 10/13/04), 884 So.2d 1276, 1279 (quoting *Parish of Jefferson v. City of Kenner*, 95–266 (La.App. 5 Cir. 10/31/95), 663 So.2d 880).

*Miller v. Desoto Reg'l Health Sys.*, 13-639, pp. 4-5 (La. App. 3 Cir. 12/11/13), 128 So.3d 649, 655, *writ denied*, 14-294 (La. 4/11/14), 138 So.3d 609 (alteration in original). "In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition." *Ramey v. DeCaire*, 03-1299, pp. 7–8 (La. 3/19/04), 869 So.2d 114, 119. Thus, we will perform a de novo review of the record to determine if Mr. Welch's petition sufficiently states facts that would grant him the right to judicially assert the current action against the LPSB.

Mr. Welch separates his brief into his allegations against Mr. LeJeune and those against the LPSB. We will do likewise, taking his claims against Mr. LeJeune first.

Mr. Welch's allegations against Mr. LeJeune seem to be nothing more than an attempt to shoot the messenger, so to speak. He does not allege that Mr. LeJeune was involved in the decision of the LPSB to eliminate the funding for Mr. Welch's position in any way. He does not allege that Mr. LeJeune recommended he be terminated. Mr. Welch merely claims that Mr. LeJeune never gave him "a reason for his termination, except that the Interim Superintendent advised him that

there was simply 'no money in the budget' to fund the position. . . ." According to his own petition, this was true, as the LPSB allegedly did remove his salary from the line-item budget for the board. Mr. Welch essentially makes no allegations against Mr. LeJeune except that he was the person who implemented the will of the LPSB when the position of "Special Assistant to the Superintendent-Facilities, Maintenance, Grounds, and Transportation" was eliminated from the budget.

Moreover, Mr. LeJeune, in acting to carry out the will of the LPSB, was immune from suit under Louisiana Revised Statutes 17:439. That statute states, in pertinent part:

> Except as otherwise provided in this Section, no person shall have a cause of action against any school employee based on any statement made or action taken by the school employee provided that the action or statement was within the course and scope of the school employee's duties as defined by the school board in which the school employee is employed and was within the specific guidelines for school employee behavior as established by that school board.

La.R.S. 17:439(A).

There is no allegation in Mr. Welch's petition that Mr. LeJeune acted outside the course and scope of his duties as interim superintendent. In fact, Mr. Welch does not even imply that implementing the budget adopted by the LPSB was not Mr. LeJeune's direct duty as superintendent. The trial court was correct in ruling that Mr. LeJeune was immune from suit for his actions and in granting the exception of no cause of action in favor of Mr. LeJeune.

Mr. Welch next contends that the trial court's decision should be set aside as to the LPSB, because he claims he was not afforded constitutional due process of law prior to his termination.

> In Louisiana, the employer-employee relationship is a contractual one. Employment contracts are either fixed term or terminable at will. *Read v. Willwoods Community*, 14-1475, *6

(La.3/14/15), 165 So.3d 883, 887, 2015 La. LEXIS 494. Under a fixed term contract, "the parties agree to be bound for a certain period during which the employee is not free to depart without assigning cause nor is the employer at liberty to dismiss the employee without cause." *Id*. Conversely, an "at will" employee is subject to dismissal by his employer at any time, for any reason, without the employer incurring liability for wrongful discharge. *Id*. In the absence of a contract or an agreement establishing a fixed term of employment, the employee is considered to have an "at will" employment by default. *Quebedeaux v. Dow Chem. Co.*, 01-2297 (La.6/21/02); 820 So.2d 542, 545.

*Barton v. Jefferson Par. Sch. Bd.*, 14-761, pp. 11-12 (La. App. 5 Cir. 5/28/15), 171 So.3d 316, 323-24.

It is important to note that Mr. Welch does not allege that he was a tenured teacher, nor does he allege that he had any contract with the LPSB. Consequently, Mr. Welch did not possess a state or federally protected property interest in maintaining his employment and, therefore, was not entitled to due process prior to being terminated. *See Alexander v. Lafayette Par. Sch. Bd.*, 08-1378 (La. App. 3 Cir. 4/1/09), 7 So.3d 135 (citing *Wilhelm v. Vermilion Parish Sch. Bd.*, 598 So.2d 699 (La.App. 3 Cir. 1992)); *Harris v. W. Carroll Par. Sch. Bd.*, 605 So.2d 610 (La.App. 2 Cir.), *writ denied*, 609 So.2d 255 (La.1992).

He was, however, due any rights set forth in the procedures established by the LPSB under Louisiana Revised Statutes 17:81.5. *Id.* Nevertheless, nowhere within the four corners of his petition does Mr. Welch set forth any facts establishing the LPSB's procedures for the dismissal of non-tenured school employees, nor does he allege any specific or even general violation of any such procedures. His conclusory allegations concerning LPSB politics or the budgetary priorities of the LPSB are insufficient to state a cause of action. Because he failed to state in his petition ultimate facts that would allow him a remedy under the law,

4

the trial court correctly granted the LPSB's exception of no cause of action and his claim was properly dismissed.

For the above reasons, we hereby affirm the decision of the trial court. Costs of this appeal are hereby assessed against Mr. Welch.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.